MICHAEL HORAN, by his next Friend, Appellee, v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Appellant.

1. **Personal Injury**: CONTRIBUTORY NEGLIGENCE: EVIDENCE. In an action by a brakeman to recover for injuries received while in the act of coupling cars on the defendant's road, it appeared that the earth between the ties, at the point where the coupling was done, had been washed out to such an extent as to interfere with the duties of a brakeman at that point. The coupling was made in the nighttime, the conductor was not familiar with the condition of the road, and it was necessary that he act with promptness in order to make the coupling, or allow the engine and car to come together, and then make an opening, so that he could go in slowly and do the work. *Held*, that the circumstances justified the brakeman in making the coupling while the cars were moving, and that he was not guilty of contributory negligence for so doing.

2. ———: NEGLIGENCE: EVIDENCE: LOCATION OF ACCIDENT. In such case it was proper to locate the place of the injury by the testimony of the brakeman that the coupling was made "in the yards of the defendant."

3. ———: ———: ———: TESTIMONY NOT RESPONSIVE. The admission of testimony which is not responsive to questions asked a witness will not be deemed prejudicial when the facts testified to are relevant and have been previously given in evidence in answer to proper questions.

4. ———: ———: ———: CONCLUSIONS. The testimony of the brakeman in such case that the cause of his hand getting caught was "by the defect being in the road, and slipping off the tie," is not objectionable as the statement of a conclusion.

5. ———: CONTRIBUTORY NEGLIGENCE: RULES OF RAILROAD COMPANY DISREGARDED BY EMPLOYEE: WAIVER. The coupling in question was made by hand, contrary to a rule of the defendant that prohibited coupling by hand; and a coupling stick furnished by the defendant, and which said rule required should be used in making couplings, was returned by the brakeman to the agents of defendant from whom the same was received. *Held,* that it was properly left to the jury to determine whether the failure to use the coupling stick was the proximate cause of the injury, and that if the jury found that it was not, then the brakeman was not chargeable with contributory negligence because of the violation of the above rule.

6. ———: ———: EVIDENCE. In such case it was proper to permit the brakeman to describe to the jury the position he would have occupied if he had used the stick in making the coupling.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

SATURDAY, OCTOBER 14, 1893.

THE plaintiff was employed upon the defendant's railroad as a brakeman. While coupling a flat car to a locomotive engine at Alton, in this state, his right hand was caught between the drawbars, and his hand was so crushed as that it became necessary to amputate the thumb and forefinger. He claims that the injury was received by reason of the defective condition of the railroad track at the place where he attempted to make the coupling. The defendant resisted the claim on the ground that the railroad track was not defective and out of repair, and that the defendant is not liable, because the plaintiff violated a rule of the company in attempting to make the coupling without the use of a stick to guide the link into the opening, and that he thereby contributed to the injury by his own negligence. There was a trial by jury, which resulted in a verdict and judgment for the plaintiff for four thousand dollars. The defendant appeals.—*Affirmed.*

*Swan, Lawrence & Swan,* for appellant.

*F. E. Gill* and *Lynn & Sullivan,* for appellee.

Rothrock, J.—I. There is some controversy as to the question whether the railroad track was out of repair, and there is a conflict in the evidence in relation thereto. The injury was received at a point on the road where the business of the company required coupling of cars to be frequently made. The exact point where the plaintiff was required to make the coupling was nearly opposite to a water tank used to supply engines with water. The jury were fully warranted in finding that the earth between the ties was washed out, so that the filling or surfacing of the road was gone to such an extent as to interfere with the duties of a brakeman in making couplings at that point. The coupling was attempted to be made in the night, and the plaintiff carried a lantern, and the movement of the engine and the plaintiff's other duties were such that, when he arrived at the place where the coupling was to be made, it was necessary that he should act with promptness in order to make the coupling, or to allow the engine and car to come together, and then make an opening, so that he could go in slowly and do the work; and the plaintiff was not familiar with the exact condition of the track at that point. In view of these facts, we think the jury were fully warranted in finding that the circumstances surrounding the plaintiff were such that, acting as he was, in an emergency, he was not chargeable with contributory negligence in going between the cars when he did, and attempting to make the coupling.

*1. Personal injury. contributory negligence: evidence.*

II. In the course of the trial, counsel for the defendant made a number of objections to evidence, and took exceptions to the rulings of the court thereon. It was objected that the plaintiff was permitted to state as a witness that the coupling was attempted to be made "in the yards of the defendant." It is claimed

*2. ——: negligence: evidence: location of accident.*

that this is a mere conclusion of the witness. We
think the evidence was competent. It was no more
than locating the place of the injury. It is always allow-
able for a witness to state that an occurrence took place
at a particular place, as in a certain town or village.
But even if it be thought that the evidence was technic-
ally a conclusion, rather than a fact, it was without
prejudice, because in the same connection the witness
stated that switching and coupling was done at, and
near, that place. The only object of the evidence was
to show that the coupling was not required to be made
at an unusual place, and that fact appears from all the
evidence on that point, and it was wholly immaterial
whether it was within the limits of the yards.

III. The plaintiff was asked if he looked, as he
usually did, when he went in to make a coupling. The
answer was, "Oh, no; I did not have time
to look." The defendant moved to strike
out the last part of the answer as not
responsive. In reply to the motion the court remarked:
"It is not responsive, but you can cross-examine him
about it without asking any other question." The
ruling was without prejudice. It was the right of the
plaintiff as a witness to state fully all facts in connec-
tion with the transaction, whether he looked at the
track, or whether he had time to examine it and make
the coupling. He did give all these facts in answer to
proper questions, and it was wholly immaterial whether
the answer to this particular question was responsive
or not."

3. —: —: —:
testimony not
responsive.

IV. The plaintiff was asked what caused him to
get his hand caught. This question was objected to
as calling for a conclusion. In response
to the objection, the court said: "He may
state the facts." The answer was: "By the defect
being in the road, and slipping off the tie." The
answer was objected to as not stating facts, but the

4. —: —: —:
conclusions.

conclusion of the witness. The court, in response to this objection, said: "As far as it is a conclusion, the jury will find for themselves what the case is. The direction of the court was that he should state the facts as they occurred, rather than his opinion." The witness was then asked whether he slipped off the tie or not, and where his foot went to. This question was objected to as leading, and not calling for a statement of facts. The objection was overruled, and the witness answered: "Yes, sir; my foot slipped off the tie in between and down to the bottom of the defect." All of this evidence, as to the manner of receiving the injury, had been fully detailed by the witness to the jury. He had described how he had gone in to make the coupling, and how he held his lantern, how his feet were placed, and how his position was changed by slipping off a tie into the depression, and how his hand came between the drawbars, and was caught because he slipped off the tie. This line of evidence, which was objected to, was probably unnecessary, because it was mere repetition of what the witness had before stated, and the statement that the injury was received because he slipped off the tie, was no more the conclusion of the witness than it would be for one who was injured by a fall to state that fact.

V. We come now to the material question in the case. The plaintiff was employed by the defendant as brakeman on the fifteenth day of August, 1890, at which time a circular containing a number of rules was presented to him, and the receipt thereof was acknowledged in the following words: "I hereby acknowledge receipt of a printed copy of the above circular, which I have compared, and found to be a true copy, and state that I am over twenty-one years old. [Signed] Michael Horan, Brakeman." One of said rules contained the following language: "Great care must be exercised

5. ——: contributory negligence: rules of railroad company disregarded by employee: waiver.

by all persons when coupling cars.   Inasmuch as the coupling apparatus of cars, or of engines, can not be uniform in style, size, or strength, and is liable to be broken, and as from various causes it is dangerous to expose between the same the hands, arms or persons of those engaged in coupling, all employees are enjoined, before coupling cars or engines, to examine so as to know the kind and condition of the drawheads, drawbars, links, and coupling apparatus, and are prohibited from placing in the train any car with a defective coupling, or brake, until they have first reported its defective condition to the yard master or conductor. Sufficient time is allowed and may be taken by employees, in all cases, to make the examination required. Coupling by hand is strictly prohibited.   Use for guiding the link a stick or pin, which will be furnished on application to the division superintendent, train or yard master.   Each person having to make couplings is required to provide himself with a proper implement for the purpose as above specified."   Another clause of said rules was as follows: "The company will not be responsible for any injury suffered by any employee who shall couple cars by hand.   Any employee who neglects or refuses to use the stick in coupling cars takes upon himself all risks of injury arising therefrom.   The attention of employees is again called to the above rule because it is understood that some of them are neglecting to use the stick furnished by the company.   During the past year more employees were injured in coupling and uncoupling cars than from all other causes combined.   Most of these injuries could have been avoided by using the stick, or by obeying the rules of the company as to coupling or uncoupling cars in motion."

It appears from the evidence that, immediately after signing the receipt of the rules and the delivery of the coupling stick, the plaintiff at once returned the stick and his copy of the rules to the office from which

he received them, and that he did not at any time use that or any other stick in making couplings. The defendant claimed in the court below, and claims here, that this was a reasonable rule; and that, under the facts, it was the duty of the court to instruct the jury that the rule was reasonable; and that, if the violation of it contributed proximately to produce the injury, there could be no recovery; but that, if the violation of the rule did not contribute to produce the injury, then the fact of its violation would not excuse the defendant from negligence, if there was negligence in keeping its track in proper repair. In other words, the court submitted to the jury the fact whether the violation of the rule should be regarded as contributory negligence. The plaintiff, in a reply filed to the answer, averred that the rule requiring brakeman to use a stick in making couplings was waived by the defendant. There is evidence in the record which to some extent sustains this averment. The very fact that the plaintiff returned the stick to the office immediately after receiving it, and never used that or any other stick, is evidence tending to show that it was not expected that the rule would be observed. Indeed, it is a matter of so much notoriety that car couplings are made by hand that it may become a question whether the rule requiring coupling sticks ought to be held to be obligatory upon switchmen and brakemen. However that may be, and although it may be conceded that the rule was in force, and should have been obeyed, yet the plaintiff ought not to be denied recovery if the failure to use the stick did not contribute to produce the injury. In view of the evidence in the case, that question was a proper subject for the consideration of the jury. That is the rule adopted by this court (*Reed v. B., C. R. & N. R'y Co.*, 72 Iowa, 170), and, in view of what is a matter of common knowledge as to how generally this rule is disregarded, the law of the cited case is just, and should

be adhered to.   It amounts to just this: that, if a brakeman who is injured by coupling with his hands can satisfy a jury, by a preponderance of the evidence, that the injury would have been received just the same if he had used the stick furnished to him by the defendant, he ought not to be chargeable with contributory negligence.   It was upon this theory that this case was submitted to the jury, and, as we read the evidence, the finding that the injury would have occurred if the plaintiff had kept the stick, and attempted to use it in making this coupling, is fairly supported by the evidence.   We can not detail the evidence upon which we base this conclusion.   Indeed, it can not be reproduced here.

VI.   The record shows that the witnesses illustrated their evidence to the jury by posture and descrip-

6. ——: ——: evidence. tion, and by motion of the hands descriptive of the position of the plaintiff at the time and place of receiving the injury.   It is claimed that it was error to permit the plaintiff to describe to the jury the position he would have been in if he had used the stick.   There was no error in admitting this line of evidence.   It is said this is only a supposition or conjecture or a conclusion of the witness.   We think that when the witness described the stick, and how it must be held, and how he stood with reference to the place of danger, and the alleged defective condition of the roadbed, he was detailing facts, material to be considered in determining whether the failure to use the stick contributed to produce the injury.

The judgment of the district court is AFFIRMED.