A. P. CHRISTENSEN, Appellee, v. A. P. THOMPSON, Appellant.

Alienation of Wife's Affections: EVIDENCE. In a suit for alienation of wife's affections, plaintiff, after testifying that he had found defendant at his home was asked "Was he ever there when he did not have any business there, at night, that you know of." Held, not objectionable as calling for a conclusion.

Evidence: IRRESPONSIVE ANSWER. The objection that an answer is not responsive is only available to the party propounding the question.

Evidence: LEADING QUESTIONS. Permission of leading questions is largely discretionary with the court, and where it appears the witness is of foreign birth and not familiar with the English language, liberty in this respect may be properly indulged.

Evidence: EXCLUSION OF. Where evidence improperly excluded is afterwards permitted to go to the jury no prejudice arises.

Instructions: STATEMENT OF ISSUE. In an action for alienation of the wife's affections, an allegation of the answer that plaintiff by his own ill treatment had alienated her affections was comprehended in the court's statement of the issues by an instruction that defendant denied each and every allegation of the petition.

Alienation of Wife's Affections.   EVIDENCE.   In an action for the
6    alienation o⁻ a wife's affections, the  evidence  is  considered
and held sufficient to support a verdict for plaintiff.

*Appeal from Harrison District Court.*—HON. W. R. GREEN,
Judge.

THURSDAY, MAY 5, 1904.

THE opinion states the case.— *Affirmed.*

*J. S. Dowell* for appellant.

*Cochran & Egan* for appellee.

WEAVER, J.—The plaintiff, a married man, charges the
defendant with alienating the affections of his wife, and in-
ducing her to abandon her husband and home.   Defendant
denies the charge, and says that if the wife has been alien-
ated from her husband, it has been caused by the husband's
ill treatment.   Upon trial to a jury, verdict was returned
in plaintiff's favor for $500, and from the judgment entered
therein defendant appeals.

I.   The plaintiff, as a witness in his own behalf, having
testified that on one or more occasions, coming home from
his work, he had found defendant there, he was asked by his
I. EVIDENCE.   counsel "Was he ever there when he did not
have any business there, at night, that you know of?"   Over
the defendant's objection the witness was allowed to answer:
"A.   I don't know if he did, or was coming to ask her to
come over and bake bread for him; something like that.   I
won't say that.   I don't think he did always.   I did not get
suspicious of him.   The first I thought anything was wrong,
the children commenced to talk.   After my wife left, I had a
talk with Thompson about it."   Error is assigned upon this
ruling, because, it is said, it called for the mere conclusion
or conjecture of the witness.   It is to be admitted that the
form of the question leaves it open to the construction which
appellant puts upon it, but when fairly interpreted it is not
objectionable.   It is, in effect, as if counsel had asked,
"What was his errand there?" or, "Do you know whether he
had any errand there?" in which form we think the inquiry
would have been allowable.   But, even if we were to hold

that the objection should have been sustained, the answer discloses nothing which was not properly admissible in evidence, and the error would be without prejudice.

It is further objected in argument that the answer was not responsive to the question, but this point was not made

2. EVIDENCE: irresponsive answer.

in the court below, and, moreover, the objection of want of responsiveness is not available except to the party propounding the interrogatory.

The same witness was asked, "What did he [defendant] say to you about her not being your wife—something like that?" Defendant's objection to this question was over-

3. EVIDENCE: leading questions.

ruled, and the witness answered, "He said, 'Your wife leave you, and she is not your wife any more, and I have a right to take her wherever I want to.'" The question was quite leading; a form of interrogatory which should not ordinarily be permitted; but its allowance is so far a matter within the discretion of the court that it will not justify a reversal save where that discretion has been abused. It appears from the record that the parties are of foreign birth, and their command of the English language quite imperfect. Under such circumstances direct and leading inquiries are often permissible, if not, indeed, necessary. The answer called for by this question was competent and material. It is true the alleged conversation took place after plaintiff's wife had left him, but the conduct and statements of the defendant with reference to her, and his disposition, if any, to seek her society in defiance of her husband's wishes, were circumstances having more or less bearing upon the truth of the charge of prior intimacy between them.

One Williamson, a witness for plaintiff, testified that he was the pastor of the parties, and that, after separation had taken place, he met them at a neighbor's house, and

4. EVIDENCE: exclusion of.

sought to induce plaintiff's wife to return to her husband, but that she and defendant said they "wanted to be cleared first." On cross-examination he was asked what the wife said in that conversation about hav-

ing been accused by her husband of improper conduct with men other than defendant. Upon objection by the plaintiff, answer to this question was ruled out as not being proper cross-examination. The objection could well have been overruled without error, but the same witness did answer later that Mrs. Christensen did say that on a former occasion her husband had become jealous of one Hayfeldt, and had found fault with her several times before about other men. The wife herself also testified to such accusations against her by the plaintiff, and everything which could have been obtained by allowing the question to be answered by the pastor seems to have gone to the jury. The defendant suffered no prejudice by the ruling.

II. Appellant complains that the court failed to correctly state the issues, in that, after reciting the claim made by the plaintiff the jury were told simply that defendant denied each and every allegation of the petition, and were not told that he also pleaded that plaintiff, by his own misconduct and illtreatment, had alienated his wife's affections from him. This allegation of the answer contained nothing which was not provable under the denial of plaintiff's petition. It is at most a mere statement of evidence, and the court was not required to set it out in the instructions. As to the bearing of such facts, the court did charge the jury that, if the affection of the wife had been lost or withdrawn from her husband for other reasons, or through other causes than the acts or conduct of the defendant, then the plaintiff could not recover; and this, we think, was all the defendant could properly demand upon this proposition.

5. INSTRUCTION: statement of issues.

III. The appellant also insists that the verdict is without substantial support in the testimony. It is said the defendant and Mrs. Christensen are cousins; that the relations between them and their respective families, while of a friendly and intimate character, were entirely consistent with the rules of propriety, and were in fact without taint of wrongdoing;

6. ALIENATION of wife's affections: evidence.

and that there was no credible testimony tending to estab-
lish the charges made by plaintiff. In this connection we
are pointed to the .position occupied by the witness, Carl
Nelson, upon whose testimony plaintiff's case to a consid-
erable extent depends. It is to be admitted that this witness,
according to his own story, is not one to inspire our confid-
ence. He seems to have emulated the character of "Peeping
Tom" in the familiar legend, and from the vantage ground
of a knothole in the side of the barn, a hiding place in the
hayloft, and an uncurtained window in plaintiff's house,
claims to have seen conduct which serves to give color to the
charge made by the plaintiff. But, however unamiable or
despicable such conduct may be, it was for the jury to say
what credit should be given to the witness' testimony. There
was also other evidence having more or less bearing in the
same direction. If all the witnesses were to be believed, de-
fendant certainly showed considerable interest in plaintiff's
wife; an interest which was apparently reciprocated. It is
unnecessary to recite the various acts of alleged familiarity,
or the bearing and conduct of the parties from which an un-
favorable conclusion could fairly be reached. It is enough
to say that while to the charitably inclined most of these
things, even if true, may be explained as innocent manifesta-
tions of that platonic regard which cousins and neighbors
may entertain toward each other without guilt, yet a jeal-
ously inclined husband could hardly be blamed for ascrib-
ing to such intimacy a more ardent sentiment. To say the
least, there was not such a failure of proof that the court
would have been justified in directing a verdict. The case
seems to have been fairly tried, and we find no reversible
error in the record.

The judgment of the district court is AFFIRMED.