## F. M. ZENOR v. OLIVER O. SMITH, Appellant.

**Evidence:** SELFSERVING DECLARATIONS. Where a note, given for the purchase price of property under an alleged verbal warranty, was returned to the maker as not in compliance with the contract of sale, testimony of the party returning the note and demanding another in proper form that he was acting at the direction of the payee was not incompetent, as a selfserving declaration of the plaintiff that there was no warranty.

**Evidence:** CROSS-EXAMINATION. Where no part of the correspondence between the parties relating to a sale of property was admitted in behalf of plaintiff, in an action for the purchase price, a letter written by defendant to plaintiff's agent containing statements as to a warranty of the property was inadmissible in behalf of defendant, as a part of the agent's cross-examination.

**Same:** IRRESPONSIVE EVIDENCE. The mere fact that an answer was not responsive is not ground for striking it from the record unless it was in itself improper.

**Sales:** WARRANTY: EVIDENCE. The testimony of the buyer of property is competent to prove that he relied upon an alleged oral warranty.

**Same:** INSTRUCTIONS: CONFORMITY TO EVIDENCE. In this action for the price of a cow alleged by defendant to have been purchased under an oral warranty that she would stand the tuberculin test, the only evidence on the question of tuberculosis was that of a single expert based upon a post mortem examination made several weeks after the sale, to the effect that the animal was and had been afflicted with tuberculosis for a year or more, and plaintiff conceded that this testimony was undisputed.

    *Held,* that an instruction that the warranty made on the sale that the cow was free from tuberculosis was not a warranty that she would remain free, and that if the disease was acquired after the

purchase the verdict should be for plaintiff was erroneous, be-
cause without support in the evidence.

**Appeal:**  ABSTRACT: AMENDMENT.  Refusal to strike an amendment
  6  to appellant's abstract filed after appellee's argument, for the pur-
     pose of making the record clear on a matter not apparently of
     importance until the appellee's argument was filed, was proper.

*Appeal from Polk District Court.*—Hon. HUGH BRENNAN,
Judge.

MONDAY, MARCH 13, 1911.

ACTION to recover $350 as the price of a blooded cow
purchased from plaintiff by defendant at a public sale.
The defendant alleged that by verbal representations the
plaintiff warranted the cow to be free from tuberculosis,
and that she would stand the tuberculin test; that de-
fendant purchased the cow in reliance on this warranty;
and that she was in fact tuberculous at the time of the
sale.  Plaintiff in reply denied any oral agreement of war-
ranty and that the cow was in fact tuberculous.  There
was a verdict for plaintiff in the full amount of the pur-
chase price and from judgment on this verdict defend-
ant appealed.—*Reversed.*

*John L. Gillespie* and *Bannister & Cox,* for appellant.

*McLaughlin & Shankland,* for appellee.

McCLAIN, J.—The undisputed facts appearing in
the record were that defendant at a public sale purchased
a blooded cow from plaintiff for $350, to be paid in cash
or by bankable note; that the cow was delivered to de-
fendant and received by him; that in payment he sent
plaintiff a note for the amount, on the back of which was
written a memorandum to the effect that it was given

in payment for the cow which defendant had purchased, subject to her standing a satisfactory test for tuberculosis, and that a failure to fulfill that requirement would render the note void, the cow in that event to be returned to the owner as agreed by both parties; that this note was returned by plaintiff's agent to defendant as not in compliance with the requirement of the sale that payment be made in cash or bankable paper, and no other note was ever executed; that, after the cow had been in possession of the defendant for five weeks, she slipped on the ice and broke her leg in such a way that death necessarily resulted; and that on a post mortem examination she was found to be tuberculous. The testimony is in conflict as to whether an oral guaranty that the animal was not tuberculous and would stand the tuberculin test was given.

I. A witness for the plaintiff, one Omstead, a banker, who had acted as clerk at the sale at which the cow was bought, testified that the defendant did not settle for the cow with him, and that his attention was subsequently called by plaintiff to a note for the purchase price, which purported to have been executed by defendant, and he was asked to state the conversation on that occasion with the plaintiff. Over defendant's objection to the question as calling for incompetent and hearsay testimony and a selfserving declaration, he testified that plaintiff gave him the note and told him to return it, and get a note made out in proper form. The court also overruled defendant's motion to strike out an answer of the witness in which he stated that he returned the note to the defendant and made out a proper one asking him to sign such note and return it to the witness. The error alleged by appellant in these rulings is that the witness was thereby allowed to give to the jury the selfserving declarations of plaintiff which had a tendency to explain and strengthen the plaintiff's testimony as a witness that there was no oral warranty. But

1. EVIDENCE: selfserving declarations.

clearly it was competent for the witness to testify that in returning the note to defendant and demanding a note in proper form he was acting under plaintiff's direction. It nowhere appears from the testimony of this witness that plaintiff assigned as a reason for the return of the note that there had been no oral or written warranty as against tuberculosis. Even if there had been such warranty, there was nothing in the contract of sale authorizing a restrictive clause on the note, rendering it nonnegotiable. The defendant might have relied on the warranty as against plaintiff, and still agreed to pay in cash or bankable paper. We see nothing in the testimony of the witness which could be construed by the jury as a self-serving declaration of plaintiff with reference to whether or not there was an oral warranty. The same considerations dispose of the alleged error in overruling the question asked of plaintiff as a witness with reference to what he told Omstead in the same connection.

II. The witness Omstead on cross examination testified that he had received letters from the defendant the contents of which do not appear in the record. He then identified a certain letter received by him 2. EVIDENCE: cross examination. from defendant in which defendant stated in considerable detail that he had bought the cow subject to the tuberculin test and with a warranty that she was free from tuberculosis, and explained why she had not yet been subjected to the test. Defendant asked that this letter be admitted in evidence as a part of the cross examination of the witness, but on plaintiff's objection it was excluded. We think there was no error in this ruling. The letter contained declarations of the defendant plainly not admissible in evidence, unless it constituted a part of the correspondence, portions of which had been admitted as evidence in behalf of the plaintiff. The record does not show any portion of the correspondence to have been admitted in plaintiff's behalf.

There is a letter in the record from defendant to plaintiff with regard to the shipping of the cow and the propriety of testing her at that time for tuberculosis, but plainly the subsequent admission in evidence for defendant of his own letter to plaintiff would not render the previous rejection of his letter to Omstead erroneous, if such rejection was proper when the ruling was made. We find nothing to indicate that the rejected letter was pertinent to any matter with reference to which evidence had been introduced in plaintiff's behalf.

III. On redirect examination Omstead testified, in response to the suggestion that the reason why he did nothing farther with the note was because of the writing on the back, that plaintiff never offered it for sale, but told witness to send it back; "that he would not accept it himself, nor I would not." The answer was not responsive, but that was not a ground for striking it on defendant's motion, unless it was in itself improper. *Horan v. Chicago, St. P., M. & O. R. Co.*, 89 Iowa, 328; *In re Dunahugh's Will*, 130 Iowa, 692; *Christensen v. Thompson*, 123 Iowa, 717. We are unable to see wherein the answer itself or any portion of it was objectionable. As indicated in a previous paragraph of this opinion, it was proper enough for the witness to relate what plaintiff told him about sending back the note, so long as that direction did not include any selfserving declarations as to the reasons for sending it back. All the answer amounted to in its most liberal interpretation was a recital of plaintiff's refusal to accept the note as not complying with the contract of sale and the witness' statement that he, as a banker, would not accept such note by transfer from plaintiff. There was surely no prejudice in overruling defendant's motion to strike out this answer.

IV. Defendant as a witness in his own behalf was asked whether or not he would have purchased the cow

3. SAME: irresponsive evidence.

had plaintiff not warranted her to be free from tubercu-
losis, and also whether or not he would
have attended the sale and bid on the cow
had it not been for a previous conversation
with plaintiff in which he acquiesced in such a warranty.
Objections to these questions were sustained, the court
remarking that "the witness might state what induced him
to buy the cow, and I think he has done that." The
subject of the inquiry was proper, for the court instructed
the jury (and the correctness of this instruction is not
now a matter of inquiry) that the burden was on the
defendant to show that he relied upon the warranty which
he sought to prove, and it is clear that his own testimony
as to that fact was competent. We think, however, that
the court was justified in saying that the witness had al-
ready testified as to what induced him to buy the cow.
If, however, we are wrong in the interpretation of the
record in this respect, we think it evident that the court
intended to allow counsel to interrogate the witness on
the subject, and that counsel should have improved the
opportunity to do so, and that we ought not to hold the
ruling of the court prejudicial error.

V. An issue was raised in the pleadings as to wheth-
er the cow was afflicted with tuberculosis at the time
of sale. The only testimony on the subject was that of
a veterinary surgeon who made a post mort-
em examination after the cow died as the
result of a broken leg and found tubercular
deposits in the lungs, and testified that from what he dis-
covered on such examination he would say that the cow
had been afflicted with tuberculosis for a year or more,
and would not have passed the tuberculin test if it had
been made at the time of the sale. This witness was cor-
roborated by persons present at the examination who spoke
of the doctor taking out pus sacks from the size of a pea
to the size of the thumb. Defendant proposed to call

*4. SALES: war-
ranty: evi-
dence.*

*5. SAME: in-
structions:
conformity to
evidence.*

another veterinary surgeon to testify as to the condition of the animal at the time of the examination, but it was agreed by plaintiff's counsel that there was no dispute as to the testimony of the veterinary who had already testified. Under this condition of the record as to the issues and the evidence, the court instructed the jury that the warranty made about the time of the sale that the cow was free from tuberculosis was not a warranty that she would remain free from tuberculosis, and that, if they found from the evidence that the animal was sound and free from tuberculosis at the time of the sale, then, although they should further believe from the evidence that the animal in question afterward became diseased with tuberculosis, still such after-acquired disease would not relieve the defendant from paying the agreed purchase price; and, if they found that the disease was acquired by the animal after the purchase, then the verdict should be for the plaintiff. In giving this instruction we think the court erred to defendant's prejudice. Had there been any evidence whatever that the condition in which the animal was found to be as a result of the post mortem examination was the result of tuberculosis contracted after the sale, then no doubt the instruction would have been pertinent to the issue on that question, for the issue was as to whether such diseased condition existed at the time of the sale. But, had the jury specifically found that the animal was afflicted with tuberculosis contracted after the sale, such finding would have been entirely without support in the evidence as shown by this record. The burden of proving the existence of tuberculosis at the time of the sale was upon the defendant. It may be conceded that from the fact that the cow was thus afflicted five weeks after the sale there would be no legal presumption that she was so afflicted at the time of the sale; but as the only expert witness on the subject had testified that the condition which he found indicated that the cow had

been afflicted with tuberculosis a year or more, and after counsel for plaintiff had conceded that the testimony of this witness would not be contradicted, we think counsel for defendant were not called upon to go further in proving that the condition found must have existed at the time of the sale and it was not open to the jury to say on their own notion about the nature of tuberculosis that it might have been contracted after the sale and produced the condition the cow was found to be in at the time of the post mortem.   The instruction was plainly calculated to mislead the jury and prejudice defendant's case, and it should not have been given.

A motion was made to strike appellant's amendment to abstract filed after appellee's argument had been completed and filed.   As the amendment was for the purpose

6. APPEAL: ab-
   stract:
   amendment.

of making clear the record on a matter not apparently of importance until appellee's argument was made, we think it was proper and should be allowed to stand.   No prejudice could result to appellant, for he had opportunity in reply to appellee's argument to make any application of the argument to the record which he desired to make.   The motion is therefore overruled.

For the error pointed out in the last-numbered division of this opinion, the judgment is *reversed*.