(42 Misc. Rep. 184.)

FRANK V. STRAUSS & CO. v. WELSBACH GAS LAMP CO. ·

(Supreme Court, Appellate Term.   November 30, 1903.)

1. APPEAL FROM JUDGMENT—REVIEW OF WEIGHT OF EVIDENCE.

Under Code Civ. Proc. § 1344, authorizing appeals from the City Court of New York to the Appellate Division; section 1346, authorizing appeals to the Appellate Division from final judgments rendered on the verdict of a jury in the Supreme Court to be taken upon questions of law; and section 1347, authorizing appeals from orders refusing a new trial—the Appellate Term, on an appeal from the City Court of New

York from a judgment rendered on a verdict, without any appeal from the order refusing a new trial, cannot inquire into the weight of the evidence.

**2. SAME—FAILURE TO OBJECT BELOW.**

In an action on a written contract, it is too late to object for the first time on appeal to the sufficiency of the evidence to show the agency of the person contracting in behalf of appellant, or to show that the contract was induced by the agent's misrepresentations as to its contents.

**3. MISREPRESENTATIONS INDUCING CONTRACT—RELIANCE—STATE OF MIND—TESTIMONY OF PARTY.**

In an action on a written contract, defended on the ground of its execution having been induced by the misrepresentation of the plaintiff's agent as to its contents, it is proper to permit defendant's manager to testify as to whether he would have signed it if he had known that it varied in its terms from the preceding oral negotiations, and that he signed relying on the agent's statement that it conformed thereto.

**4. SAME—DUTY TO READ CONTRACT.**

A principal cannot avoid the defense that the execution of the written contract he sued on was induced by the misrepresentation of his agent that it conformed to preceding oral negotiations by showing that the defendant signed the contract without reading it.

**5. SAME—RATIFICATION—INSTRUCTIONS—MODIFICATION.**

In an action on a written contract, defended on the ground that its execution was induced by the misrepresentation of plaintiff's agent, plaintiff requested an instruction that, if defendant accepted any benefit under the contract after information as to the fraud, it would be held to have confirmed it. The court modified this by adding that the defendant's acceptance of benefit must have proceeded from its volition, and not merely from plaintiff's insistence on performance after defendant's repudiation of the agreement. *Held*, that there was no error of which plaintiff could complain.

Appeal from City Court of New York, Trial Term.

Action by Frank V. Strauss & Co. against the Welsbach Gas Lamp Company. From a judgment for plaintiff entered on a verdict, and granting insufficient relief, it appeals. Affirmed.

The action was upon an advertising contract, in terms for the theatrical season, the defendant conceding its liability for four weeks, less the sum paid on account, and defending against any further recovery because of the misrepresentation of the plaintiff's agent who solicited the contract respecting its terms.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Frank C. Avery and Mark M. Schlesinger, for appellant.
George Gordon Battle, for respondent.

BISCHOFF, J. The appeal purports to be from the judgment only, and the record contains no order denying the plaintiff's motion for a new trial. Thus we are precluded from all inquiry into the weight of the evidence. Code Civ. Proc. §§ 1344, 1346, 1347; Boos v. World Mut. L. Ins. Co., 64 N. Y. 236, 242.

The evidence was conclusive that the person who solicited the contract sued upon was employed by the plaintiff for such purpose. Such was the plaintiff's attitude upon the trial, and consistently therewith the fact was assumed by the trial justice in his charge to the jury. By no objection or request did the plaintiff raise any question concerning

such agency or the sufficiency of the evidence to support the defense that the contract was induced by the misrepresentations of such agent, and it is too late to raise either of these questions for the first time on appeal. Osgood et al. v. Toole et al., 60 N. Y. 475. We are, therefore, only to review the objections and exceptions taken to rulings upon the trial.

The action was upon a contract in writing whereby, in terms, the defendant promised to make monthly payment, at the rate of $20 per week, for the insertion of its business advertisement in certain theatrical programs for the season of 1901-1902, a period of about 25 weeks; and the defendant, admitting an oral agreement for 4 weeks, contended that its manager was induced to sign the writing by the representation of the plaintiff's soliciting agent that it conformed to the oral understanding. Upon the direct examination of the defendant's manager he was asked: "Would you have signed the contract if you had known that it was a contract for the theatrical season? Did you, or didn't you, sign it relying on the statement that it was a contract for only a month?" These questions were severally objected to and allowed, and properly so. They called for proof of a subjective fact—the mental attitude of the manager respecting the statement made to him, his reliance upon the representation concerning the contents of the writing; and, though his answers were not conclusive, the fact was material to the defense. Thorn v. Helmer, 2 Keyes, 27, 4 Abb. Dec. 408; Trankla v. McLean, 18 Misc. Rep. 221, 41 N. Y. Supp. 385.

The trial justice charged the jury: "Now, if you believe that that statement [referring to the plaintiff's agent's representations that the writing called for an advertising period of four weeks only] was made by the canvasser to the defendant's representative [the manager], the defendant's representative had a perfect right to rely on that statement, and it was not necessary for him to read the terms of the contract"—to which exception was taken; but this is equally unavailable for reversal.

The contract was prepared by the plaintiff's canvasser. He therefore was properly assumed to have been familiar with its contents. When he misrepresented these, he intended that his statements should be credited by the defendant's manager. He succeeded, and it did not thereafter rest with him or his principal to urge that the defendant's manager should have suspected his veracity. The law has not yet given, and is not likely to give, an abiding place to any doctrine that the victim should do penance in his deceiver's triumph. Conceding that the defendant's manager was guilty of overweening confidence, yet he did only what the plaintiff's agent intended he should, and, since he was under no duty to suspect, he had a right to rely upon the agent's statements. We know of no rule of law which compels distrust. "A person deceived by the fraudulent misstatements of another owes him no duty of active vigilance in the discovery of the fact that they are false. Where, by means of that character, he deceives another to his prejudice, there is nothing in the law requiring him to be protected against the consequence of his wrong because the person imposed upon did not suspect him and adopt some means to

discover the imposition." Brown v. Post, 1 Hun, 303, affirmed 62
N. Y. 651; Baker et al. v. Lever et al., 67 N. Y. 304, 309, 23 Am. Rep.
117; Delano v. Rice, 23 App. Div. 327, 48 N. Y. Supp. 295. Obvi-
ously, this case is to be distinguished from a case where the representa-
tions made were understood to be not within the personal knowledge
of the person making them. Schumaker v. Mather et al., 133 N. Y.
590, 30 N. E. 755.

It appeared in evidence that the defendant, upon discovery that the
writing called for an advertising period excessive of four weeks, repu-
diated the contract, but that notwithstanding the plaintiff proceeded to
act under it by continuing the advertisement, and the plaintiff's coun-
sel asked the court to charge "that, if the defendant received and ac-
cepted any benefit" under the contract "after they had information
as to any fraud existing in it, they would be held to confirm it."
Since the record fails to show support for any other, the claim of
benefit presumably related to possible business advantages to the
defendant as incidental to the continuance of the advertisement after
the defendant had directed its discontinuance. The exception to the
court's refusal to charge as requested is not urged for reversal, and,
indeed, it is without merit, the instruction asked for having been
plainly pointed to permit the jury to speculate as to the defendant's
receipt of benefit. The court, however, did charge as requested,
with the amendment that the defendant's acceptance of benefit must
have proceeded from its volition, and not merely from the plaintiff's
insistence of performance after the defendant's repudiation of the con-
tract; and, as so made, the accuracy of the charge is not open to de-
bate, unless, perhaps, on the ground of irrelevancy, as to which, how-
ever, the plaintiff is precluded, since the charge only stated in perfect-
ed form that which the plaintiff had requested to be imperfectly stated.

The judgment appealed from should be affirmed, with costs. All
concur.