GILDERSLEEVE, J.   Upon an affidavit made by the defendant's attorney, an order to show cause was granted asking for an order "examining the plaintiffs and the books of account, order slips and memoranda, as may be necessary to aid the defendant in knowing the amount of orders and the amount of the renewals on which said sums and amounts of money the defendant is entitled to commissions, * * *   to enable the defendant to properly draw, prepare and frame its answer."   This order was returnable at a Special Term of the City Court.   The plaintiffs appeared and set forth their objections in an affidavit, calling attention to the dual form of the application, in that the application, if made under sections 870 and 872 of the Code of Civil Procedure, must be made to a judge (Heishon v. Life Ins. Co., 77 N. Y. 278), and that, if made under section 805 of the Code, such application must be made by petition and not upon affidavits (Bloodgood v. Slayback, 62 App. Div. 315, 71 N. Y. Supp. 809) ; but the motion was granted, and two orders were entered, from both of which orders the plaintiffs appeal.   These orders fall exactly within the case above quoted, and for that reason must be reversed.   The other reasons urged by the appellants need not be considered.

Orders reversed, with $10 costs and disbursements.

McCALL, J., concurs; LEVENTRITT, J., in result.

---

### PELGRAM v. EHRENSWEIG.

(Supreme Court, Appellate Term.   June 28, 1906.)

LANDLORD AND TENANT—LEASES—FRAUD—ACTIONS ON WRITTEN CONTRACTS—EVIDENCE.

Under the rule that in the Municipal Court, in actions on written contracts, though fraud may not be proven as a basis for affirmative relief, it is always available as a defense to a claim founded on contract, evidence in an action by a landlord to recover rent that the execution of the lease by defendant was induced by the fraud of plaintiff's agents, consisting in their fraudulent designation of an apartment other than that which defendant had contracted to take, was admissible.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 880.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Eliza M. Pelgram against Gustav Ehrensweig.   Judgment for plaintiff, and defendant appeals.   Reversed.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

Benno Loewy, for appellant.

Frayer, Stotesbury & Gregg, for respondent.

LEVENTRITT, J.   The plaintiff recovered a judgment for rent. She is the owner of the apartment house No. 311 West Ninety-Seventh street in this city.   She employs agents to secure tenants and collect rents.   The defendant, through his wife, negotiated with the

agents for a lease of one of the apartments. His wife claims that upon two occasions she called at the premises, was shown the easterly apartment on the fifth floor, then called on the agents, arranged for a lease of that apartment, and paid the required deposit. A lease was prepared and signed by the parties. It provided for the leasing of the westerly, and not the easterly, apartment on the fifth floor of the premises; a fact which the defendant claims was not discovered until after the delivery of the lease. The defendant never went into possession. The plaintiff sued for the first two months rent less the deposit. The defense pleaded was that the lease did not cover the apartment which the defendant had contracted to take, and that the agents in designating the apartment had fraudulently inserted the word "west" for the word "east." Testimony offered to support that defense was rejected upon the ground, as stated by the learned justice, that "the law did not give this court jurisdiction to go behind a written instrument." This was a mistaken view.

In the Municipal Court, in actions upon written contracts, though fraud may not be proved as the basis for affirmative relief, it is always available as a defense to a claim founded on the contract. Smith v. Hildenbrand, 15 Misc. Rep. 129, 36 N. Y. Supp. 485; Richards v. Littell, 16 Misc. Rep. 339, 38 N. Y. Supp. 73; Malkemesius v. Pauly, 17 Misc. Rep. 371, 39 N. Y. Supp. 1095. Here the plaintiff's recovery depended upon the lease. The defendant should, therefore, have been permitted to support his plea that the execution of the lease was induced by the fraud of the plaintiff's agents.

The judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.