(56 Misc. Rep. 514.)

### ELECTRICAL AUDIT & REBATE CO. v. GREENBERG et al.

(Supreme Court, Appellate Term. November 29, 1907.)

**1. EVIDENCE—WRITTEN CONTRACT—VARIANCE BY PAROL—FRAUD.**

Where, in an action on a written contract for electrical auditor's services, requiring payment on presentation of certificate of inspection, defendants claimed that they had been induced to sign the contract by the fraudulent representation of plaintiff's soliciting agent that it contained a provision that payment was not to be made until plaintiff had complied with a guaranty to obtain at least 40 per cent. rebates on all overcharged bills for electricity to date, parol evidence that such was the agreement made was admissible in support of the issue of fraud.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2005–2020.]

**2. FRAUD—WRITTEN CONTRACT—DUTY TO READ.**

Where plaintiff's solicitor, who prepared a written instrument for services sued on, had falsely represented to defendants that it conformed to the oral contract, defendants were entitled to rely on such representations, and owed no duty to plaintiff to read the contract to discover the falsity of the representations, under the rule that one who perpetrates a fraud is estopped to claim that the party defrauded ought not to have believed or trusted him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fraud, §§ 19–23.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Electrical Audit & Rebate Company against George Greenberg and others. From a Municipal Court judgment in favor of plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Jacob J. Aronson, for appellants.
Werner & Fox, for respondent.

LEVENTRITT, J.   The complaint in this action alleges a contract in writing whereby the defendants agreed to pay the plaintiff $50 for inspecting their electrical installation for the purpose of determining the correctness of charges for electric current, payment to be made upon presentation of the certificate of inspection.   The contract further provided that the plaintiff would, without extra charge, obtain the lowest rates for the defendants' electric current, test their meters, examine their motors whenever necessary, and audit their future bills, as also those of the preceding year and a half, and the plaintiff guaranteed "to obtain at least 40 per cent. rebates on all overcharged bills to date or refund the fee paid under this contract."   The defendants in their answer allege that there was an oral agreement to the effect that the plaintiff should audit their bills for a year and that the $50 should not be paid until the plaintiff had obtained a rebate of 40 per cent. on all their bills for the past year and a half.   They then plead that they were induced to sign the paper on which this action is based through the misrepresentation of one Hirsch, the plaintiff's soliciting agent, that the writing embodied the oral agreement; that they did not intend to make or deliver the agreement which they signed; and that they were induced to do so solely by reason of the "deception, fraud, and artifice" practiced by such agent.   In an effort to establish this plea, the following questions were addressed to one of the defendants on his direct examination:

"What statements did Mr. Hirsch make to you about the contents of the paper?   Would you have signed the contract if you knew that it provided that you were to pay $50 for a simple certificate of inspection?"

These questions were objected to, and the evidence sought was excluded by the trial justice.   That exclusion was error.   The defense was fraud in inducing the defendants to sign a contract to which they claim they had never agreed.   What the real agreement was, what assurances Hirsch made that it was contained in the writing, and the mental attitude of the defendants respecting such assurances were all facts material to this defense.   Thorn v. Helmer, *41 N. Y. 27; Strauss & Co. v. Welsbach Gas Lamp Co., 42 Misc. Rep. 184, 85 N. Y. Supp. 367; Trankla v. McLean, 18 Misc. Rep. 221, 41 N. Y. Supp. 385.   We have found frequent occasion to call attention to the rule that in the Municipal Court, in actions upon written contracts, though fraud may not be proven as the basis for affirmative relief, it is always available as a defense to a claim founded on the contract.   Pelgram v. Ehrenzweig, 51 Misc. Rep. 31, 99 N. Y. Supp. 913; Smith v. Hildenbrand, 15 Misc. Rep. 129, 36 N. Y. Supp. 485; Richards v. Littell, 16 Misc. Rep. 339, 38 N. Y. Supp. 73; Malkemesius v. Pauly, 17 Misc. Rep. 371, 39 N. Y. Supp. 1095; Schollars v. Coghlan, 54 Misc. Rep. 612, 104 N. Y. Supp. 742.   The fraud may be either that which induced the contract or which induced the execution thereof.

The plaintiff relies upon cases supporting the rule which declares parol evidence inadmissible to vary the terms of a written instrument.   But he cites no case which holds that the court may not inquire or ascertain whether a contract sued upon was ever in fact made.   In Koehler & Co. v. Duggan, 49 Misc. Rep. 100, 96 N. Y. Supp. 1025,

we held that evidence which bears upon the intention of the parties to make any contract at all, when executing a writing purporting to be a contract, does not offend the rule. Here the defense interposed and sought to be proven was not to the contract, but to the instrument which purported to represent the contract. If the plaintiff's solicitor, who prepared the instrument in suit, and who must, therefore, have been familiar with its contents, represented to the defendants that it conformed to the oral agreement, the defendants were justified in relying upon those representations, and they owed the plaintiff no duty of vigilant effort to discover their falsity. Brown v. Post, 1 Hun, 303, affirmed 62 N. Y. 651. They were not called upon even to read the instrument signed. Wilcox v. American Telephone & Telegraph Co., 176 N. Y. 115, 68 N. E. 153, 98 Am. St. Rep. 650. One who perpetrates a fraud is not permitted to say to the party defrauded that he ought not to have believed or trusted. Albany Savings Institution v. Burdick, 87 N. Y. 40. It follows that the evidence which the defendants sought to introduce in support of their defense was admissible and should have been received. The judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.