(58 Misc. Rep. 198.)

### PELGRAM v. EHRENZWEIG.

(Supreme Court, Appellate Term. March 5, 1908.)

1. COSTS—APPEAL—COSTS TO ABIDE EVENT.

Where, on reversal on appeal, costs were awarded to defendant to abide the event, and the next trial resulted in a judgment for defendant, and such judgment was reversed, his judgment for costs fell with the second reversal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 938, 939, 946.]

2. JUDGMENT—JUDGMENT FOR COSTS.

Where, on reversal, costs were awarded to defendant to abide the event, and he recovered judgment on the next trial, the costs of the former trial and appeal should have been made a part of the judgment in his favor, and the entry of a separate judgment for such costs was unauthorized.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Frayer, Stotesbury & Gregg, for appellant.
Benno Loewy, for respondent.

BISCHOFF, J. The judgment appealed from is wholly for costs awarded to the defendant, to abide the event, upon reversal by the Appellate Term of a judgment for the plaintiff. 51 Misc. Rep. 31, 99 N. Y. Supp. 913. The Appellate Term directed a new

trial; and, the new trial having eventuated in a judgment for the defendant, the latter caused a separate judgment to be entered in the court below for the costs of the former trial and appeal.

The return upon this appeal does not disclose the occurrence of the event upon the happening of which the defendant's right to the costs of the former trial and appeal was made to depend. It refers, however, to the return upon an appeal taken from the judgment for the defendant upon a second trial, which judgment is in turn reversed at this term. Whether, therefore, we rely upon the return upon this appeal only, or upon both returns, regarding the one as incorporated with the other by intrinsic reference, the same result must follow. The judgment under immediate review must be reversed, in the one instance because the defendant's right to the costs is not apparent from any happening of the event upon which his right was made to depend, and in the other because the judgment was irregular and unauthorized. There can be but one judgment in the action, and the costs of the former trial and appeal should have been made a part of the judgment for the defendant upon the second trial, in which event the determination of the appeal from the latter judgment would have involved the defendant's right to the costs in the judgment now also reversed.

Judgment reversed, with costs.

GILDERSLEEVE, P. J., concurs.

MacLEAN, J. The defendant, having recovered at the second trial, was, under the direction of this court in 51 Misc. Rep. 31, 99 N. Y. Supp. 913, entitled to costs; but, the judgment rendered in his favor at the second trial having now been reversed, his judgment for costs falls with that judgment.

Judgment reversed, without costs.