### FLANAGAN v. MacNUTT.

(Supreme Court, Special Term, New York County.   September 9, 1908.)

1. COURTS (§ 188*)—MUNICIPAL COURTS—JURISDICTION—EQUITABLE DEFENSES.
    While, in summary proceedings in the Municipal Court by a landlord to recover the premises for a holding over, the right to a renewal and waiver of the breach of certain conditions were not available to the tenant to obtain affirmative relief, they were equitable defenses which the court could determine.

    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*]

2. JUDGMENT (§ 407*)—EQUITABLE RELIEF—EXISTENCE OF OTHER REMEDY.
    Defenses of right to a renewal of the lease and of the lessor's waiver of a breach of certain conditions having been determined against the tenant in summary proceedings, he is precluded from suing for injunctive relief against a final order for the landlord; his remedy being restricted to an appeal from the order.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 771; Dec. Dig. § 407.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by one Flanagan against one MacNutt. Motion for injunction pendente lite denied.

Hirsh & Ehrhorn, for plaintiff.

Shepard, Smith & Harkness, for defendant.

BISCHOFF, J. The plaintiff urges his right to a renewal of the lease, the lessor's waiver of noncompliance with certain conditions thereof, and the absence of equity powers in the Municipal Court as grounds for injunctive relief against a final order for the lessor in summary proceedings brought to recover the possession of the demised premises for holding over. The right to a renewal and waiver of the breach of conditions, however, while not available to the plaintiff in the Municipal Court for the purposes of affirmative relief, were none the less so as equitable defenses which the court was authorized to hear and determine (concurring opinion of Bischoff, J., in Pelgram v. Ehrenweig, 58 Misc. Rep. 198, 109 N. Y. Supp. 54). These defenses were in fact pleaded and determined adversely to the plaintiff. If erroneously determined, the plaintiff's reliance must be upon his appeal from the final order. He cannot relitigate that which has become res adjudicata.

Motion for injunction pendente lite denied, with $10 costs. Settle order on notice.