## WALKER v. FREEDMAN.

(Supreme Court, Appellate Term.  January 8, 1909.)

1. LANDLORD AND TENANT (§ 222*) — RECOVERY OF POSSESSION BY LANDLORD—DEFENSES—AVAILABILITY IN MUNICIPAL COURT.

The defense of fraud, whereby defendant was induced to sign a renewal lease, was available in the Municipal Court in an action on the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 880; Dec. Dig. § 222.*]

2. LANDLORD AND TENANT (§ 28*)—FRAUDULENT REPRESENTATIONS—MEANS OF KNOWLEDGE—ABILITY TO READ.

One signing a lease through fraudulent misrepresentations that it provided for a monthly hiring could defend on the ground of such fraud, and his reliance thereon, though he could read.

[Ed. Note.—For other cases see Landlord and Tenant, Cent.Dig. §§ 82-84; Dec.Dig. § 28.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Charles B. Walker, as agent of the estate of Loring P. Hawes, against Jacob Freedman.  From a judgment for plaintiff, defendant appealed.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Louis E. Felix, for appellant.
Hardy & Shellabarger, for respondent.

BISCHOFF, J.  The writing, which evidenced a renewal of a lease for a year, was sought by the defendant to be attacked for fraud and deceit in accordance with the averments of a defense duly pleaded; the ground of the defense being that the plaintiff procured the defendant's execution of the renewal through an intentional misrepresentation that the paper expressed a monthly hiring, upon which statement the defendant relied.  All evidence properly offered in support of this defense was excluded, for the reason, as the record would indicate, that, since the defendant could read, any transactions leading up to the signing of the agreement were incompetent.  This defense of fraud was available to the party in the Municipal Court (Pelgram v. Ehrensweig, 51 Misc. Rep. 31, 99 N. Y. Supp. 913), and his ability to read what he signed did not conclude his right to assert his reliance upon the truth of representations, fraudulent in fact, whereby he was induced to sign the paper without mastering its contents (Wilcox v. Am. T. & T. Co., 176 N. Y. 115, 68 N. E. 153, 98 Am. St. Rep. 650).

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.