EARLINGTON REALTY CORPORATION, Respondent, *v.* LOUIS L SCHWARTZ, Appellant, and LOUIS L. SCHWARTZ & COMPANY, Defendant.

Supreme Court, Appellate Term, First Department, April 12, 1926.

**Landlord and tenant — action for rent — defense of fraud — evidence shows defendant was induced to sign lease without reading it — error to direct verdict for plaintiff.**

In an action to recover rent under an alleged lease, it was error to direct a verdict for the plaintiff, since it appears that the defense of fraud set up by the defendant, to the effect that he was induced by plaintiff's agent to sign the lease without reading it, was supported by the evidence, and, therefore, the question should have been submitted to the jury.

APPEAL by defendant from a judgment of the City Court of the City of New York in favor of plaintiff entered upon a directed verdict.

*Isidor Enselman,* for the appellant.

*Battle, Vandiver, Levy & Van Tine* [*Isaac H. Levy* of counsel], for the respondent.

PER CURIAM. This action was brought for rent for the months of January to March, 1925. The defendant admitted liability for the month of January but denied it as to February and March. Plaintiff relied on a written lease for a period of eight months ending January 31, 1925, and containing an elaborate and peculiar provision (in its 23d clause) for a renewal at the sole option of the lessor after that date.

The testimony of defendant, appellant, in support of his defense of fraud was that plaintiff's agent with whom he had negotiated for a lease for eight months came to him with the form of lease and said: " ' Here is the lease to sign. I called you up several times because we need to sign up.' I says: ' All right,' and went to work and started to look at the leases, and I seen it is a lot of things to be read, and I says: ' This is a lot to read.' ' Well,' he said, ' there is nothing there; it is only for eight months at the rate of $1,200 a year, for dresses; otherwise it is a general form, nothing to it, you don't have to read it.' That is all. I just looked at it, and, of course, like all leases, I signed it."

This testimony if believed established a complete defense to the recovery of rents beyond the term of eight months. (*Bennett v. Ed. Ele. Ill. Co.,* 164 N. Y. 131; *Wilcox v. A. T. & T. Co.,* 176

id. 115; *Whipple* v. *Brown Bros. Co.*, 225 id. 237; *Walker* v. *Freedman*, 114 N. Y. Supp. 51.)

The direction of a verdict was, therefore, error.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

All concur; present, BIJUR, LYDON and LEVY, JJ.