Joseph A. Zinman, Trading under the Firm Name and Style of Convention Reporting Company, Plaintiff, *v.* Orin J. Lockwood, Defendant.

City Court of Binghamton, November 28, 1930.

*Lee, Levene & Verreau* [*Daniel J. McAvoy* of counsel], for the plaintiff.

*Merchant, Waite & Waite* [*William R. Lee of Lee & Judson* of counsel], for the defendant.

Hackett, J. This action was brought by the plaintiff, Joseph A. Zinman, trading under the firm name and style of Convention Reporting Company, to recover from the defendants, Orin J. Lockwood, individually, and Orin J. Lockwood and W. H. Geiser, doing business under the name and style of Binghamton Hardware Company, the sum of $114.48 and interest thereon, claimed by the plaintiff to be due it from the defendants for a copy of the stenographic report of the proceedings of the convention of the New York State Sheet Metal Contractors Association, held in Utica, N. Y., April 16 and 17, 1930, pursuant to an alleged written contract signed by the defendant Orin J. Lockwood, dated April 16, 1930.

The action was instituted by a summons issued on the 29th day of July, 1930, returnable the 5th day of August, 1930, upon which date issue was joined by the service and filing of the defend-

ants' answer. The case was adjourned from time to time to November 10, 1930, when the defendants filed an amended answer, and the case was duly tried before the court.

No witnesses were sworn on behalf of the plaintiff, and the only evidence offered by the plaintiff was the alleged contract which was admitted by stipulation, marked " Exhibit A," and is as follows:

" NEW YORK STATE SHEET METAL CONTRACTORS ASSOCIATION CONVENTION, UTICA, N. Y., APRIL 16 AND 17, 1930.

" ATTENDANCE RECORD

" Name and Title — O. J. Lockwood
" Representing — Binghamton Hardware Company
" Address — Binghamton, N. Y.

" ORDER FOR TRANSCRIPT.

" *April* 16, 1930.

" CONVENTION REPORTING CO.
" 17 Battery Place,
" New York City.

" Please send us (me) 1 copies of the stenographic report of the Proceedings of the convention of the New York State Sheet Metal Contractors Association, held in Utica, N. Y., April 16 and 17, 1930, for which we (I) shall pay you 35¢ per page for each copy ordered.

" Name and Title — O. J. Lockwood
" Representing — Binghamton Hardware Company
" Address — Binghamton, N. Y."

At the close of plaintiff's case, the defendants moved for the dismissal of the complaint as against all of the defendants except Orin J. Lockwood, individually, which motion was granted.

The undisputed evidence of the defendant, summarized in brief, is that on the 16th day of April, 1930, he attended the convention of the New York State Sheet Metal Contractors Association, held at the Hotel Martin, Utica, N. Y.; that he was not a delegate to the convention; that upon entering the convention hall he met an old friend of his, Theodore Vollertsen, who was president of the Salesmen's Auxiliary of the association, and was seated at a table together with one man and two women; that Vollertsen asked the defendant Lockwood to join the Salesmen's Auxiliary, which he did and received a membership card; that at that time one of the young ladies seated at the table put forth a paper to the defendant, asked him to sign the attendance record, which he did, signing at the top of Exhibit A; that the defendant after so signing Exhibit A, turned to speak to Vollertsen again, when the young lady, holding her hand over the printed portion of Exhibit A, said:

"Sign down here, if you will." The defendant testified that, believing the paper was something in reference to the Salesmen's Auxiliary, he signed and went on into the convention. Defendant further testified that he did not know that this was an order for any stenographic report of the proceedings and that he did not knowingly sign any such order for the minutes; that later, in Binghamton, about May 31, 1930, he received the stenographic minutes of the convention and about three days thereafter a bill came for the same; that he returned the minutes to the plaintiff, who refused acceptance.

The young woman who requested the defendant to sign the attendance record was the agent of the plaintiff, and any misrepresentation, concealment or fraud on her part are imputed to the plaintiff, and as such agent of the plaintiff the young lady is assumed to have been familiar with the contents of the alleged contract, and in asking the defendant to sign the attendance record and later to "sign again down here," at the same time covering the printed matter on the alleged contract with her hand without giving the defendant any opportunity of examination, she, as agent of the plaintiff, obtained the signature of the defendant to the alleged contract by fraud, concealment and misrepresentation, and the defendant was justified in relying upon the representations as made in believing that he was signing the attendance record again, and he owed the plaintiff no duty of diligent effort to discover the falsity of the representations made or the matter which was concealed from his sight. (*Strauss & Co.* v. *Welsbach Gas Lamp Co.*, 42 Misc. 184; *Brown* v. *Post*, 1 Hun, 303; affd., 62 N. Y. 651.)

The defendant was given no opportunity to read the contents of the alleged contract. The courts have gone so far as to hold that, under circumstances such as surrounded the signing of the alleged contract in this case, the defendant would not be called upon even to read the instrument signed. (*Wilcox* v. *American Telephone & Telegraph Co.*, 176 N. Y. 115.)

The defendant offered the evidence of numerous witnesses, each of whom in turn testified that he signed a similar contract, and all of whom testified to certain misrepresentations, concealment and fraud upon the part of the plaintiff in obtaining their signatures to said contracts. This testimony was offered and received on the question of fraud. This evidence was admitted under the authority of *Altman* v. *Ozdoba* (237 N. Y. 218); *People* v. *Duffy* (212 id. 57, at p. 66); *Boyd* v. *Boyd* (164 id. 234, at p. 241).

Complaint dismissed, with court costs to the defendant amounting to one dollar and seventy cents and statutory costs amounting to ten dollars, making a total of eleven dollars and seventy cents.

Judgment entered accordingly.