RICHARDSON vs. JOHNSEN.

STATUTE OF FRAUDS. *Parol agreement to rescind written assignment of land contract or treat it as a mere security.*

After an absolute sale and written assignment of all the vendor's interest in a land contract, a subsequent parol agreement between the parties that such assignment should be rescinded, or that the contract assigned should be held by the assignee merely as a security for moneys due or to become due from the assignor, is void under the statute of frauds. *Sweet v. Mitchell*, 15 Wis., 642; *Kent v. Agard*, 24 id., 378; *Kent v. Lasley*, id., 654, and *Wilcox v. Bates*, 26 id., 466, distinguished.

APPEAL from the Circuit Court for *Portage* County.

In September, 1872, the plaintiff sold and assigned to the defendant, for $3,000, a certain land contract then held by the former. The complaint alleges that defendant agreed to pay

"about the sum of $940 that was due from plaintiff upon said contract;" to furnish plaintiff certain supplies; and to pay him the balance that might be due him, " after deducting said $940 and the amount so furnished in supplies," in one year after said assignment; that plaintiff has received " about $600, in supplies;" and that there is now due him from defendant, on said sale, " about $1,560." Plaintiff further alleges an indebtedness of defendant to him, in the sum of $75, for lumber; and he demands judgment for $1,625, and costs. The answer alleges in substance, that, at the time of said assignment, the agreement between the parties was, that defendant should pay $3,000 therefor in supplies; that it was afterwards agreed between the parties, for reasons stated, that the contract of sale should be rescinded, and that the assignment should be held by defendant as security for the value of the supplies furnished or to be furnished by him to plaintiff; that defendant had furnished supplies to the amount of about $900; and that plaintiff had sold and delivered to him timber to the value of $75. Defendant therefore demands judgment against the plaintiff for $825, with costs, etc.

The land contract, which was put in evidence, contained a provision that no assignment thereof should be valid unless countersigned by the obligor in such contract, i. e., the vendor of the land; and the assignment was not so countersigned.

The court instructed the jury in substance, that, in the absence of fraud in making the sale of the land contract, the parties could not by parol convert such sale and assignment into a mortgage. It also directed them, in case they should find for the plaintiff, to assess his damages at $1,235, with interest to January 1, 1874. Verdict for the plaintiff in accordance with this direction; new trial denied; and judgment entered upon the verdict; from which the defendant appealed.

For the appellant, a brief was filed signed by *Park & Jones* as his attorneys, and by *G. W. Cate* and *H. W. Lee*, of counsel, and the cause was argued orally by *Mr. Lee:*

1. The amount to which plaintiff was entitled, if anything, was a question of fact upon which the pleadings and testimony were conflicting, and therefore was for the jury to determine. 2. The assignment of the land contract was not binding upon the obligor in such contract, without his consent. The question is, whether the parties to such assignment could not, before such consent was obtained, agree by parol that the assignee should hold the contract as a mere security, thus converting the assignment into a mortgage. It is settled in this state, that a deed absolute on its face may be shown to be a mortgage. 24 Wis., 378, 654; 26 id., 465. An assignment of an executory contract of this character may well be said to assign a personal obligation only; not an interest in land *in præsenti*, but an agreement to obtain an interest. It seems clear that the contract may be discharged or varied by *subsequent* parol agreement. *Jewell v. Schroeppel*, 4 Cow., 564; 16 Wend., 586, 632; 1 Greene, 165; 2 Whart., 169; 3 Blackf., 353; 3 Tenn., 592; Phil. Ev., 1 C. & H.'s Notes, 279.

The cause was submitted for the respondent upon a brief signed by *O. H. Lamoreux*, and by *James O. Raymond*, of counsel, who cited *Smith v. Clarke*, 7 Wis., 551; *Smith v. Finch*, 8 id., 245; *Bailey v. Wells*, id., 141; *Parker v. Kane*, 4 id., 1; and Tay. Stats., 1254, §§ 6, 8, to the point that the parol agreement relied on by the defendant was invalid.

COLE, J. The controlling question in this case arises under the statute of frauds. It is admitted that the plaintiff made an absolute sale of all his right and interest in the land contract in the first instance. And it is further admitted that he executed the written assignment for the purpose of transferring to the defendant the contract according to the real intent of the parties at the time. Both parties understood that the sale and assignment were unconditional and absolute, made for the consideration expressed. Now it is claimed by the defendant — and this is the ground upon which the defense

Richardson vs. Johnsen.

rests,— that sometime subsequent to this transaction there was a parol agreement entered into, by which it was agreed that the assignment should be rescinded, or that the contract should be taken and held by the defendant as security for whatever the plaintiff then owed or might thereafter owe him for supplies advanced; and the question is, Could this agreement be established by parol evidence? The circuit court held that it was not competent to prove the agreement by parol, unless, in making the sale and assignment, the plaintiff had actually made some false representation in regard to the taxes, or was guilty of some fraud which impeached the sale.

In a number of cases which have come before this court, the doctrine has been laid down, that parol proof was admissible to show that a deed absolute on its face was in fact only a mortgage. *Sweet v. Mitchell*, 15 Wis., 642; *Kent v. Agard*, 24 id., 378; *Kent v. Lasley*, id., 654; *Wilcox v. Bates*, 26 id., 466. But in these and other like cases it was apparent that the conveyance, though absolute in form, was really intended to stand as a security for the payment of a debt, and therefore the courts impressed upon it the character of a mortgage. The correctness of the rule, however, admitting parol evidence to show that this was the nature of the deed, has often been questioned on principle (PAINE, J., in *Sweet v. Mitchell, supra*); but confessedly the doctrine is too firmly established to be changed by the courts. But it is obvious that the doctrine of these cases does not extend to the case where the parties, by some subsequent parol agreement, attempt to convert an absolute deed, or an absolute assignment of a land contract, into a conditional one. Here it is said that, subsequent to the assignment of the contract, the parties agreed that the same should be retained and held by the defendant as a security merely for his demands, and that it is competent by parol evidence thus to change the nature of the assignment. The parol agreement, of course, directly contradicts the assignment, by converting an absolute assignment into a conditional one, and

transfers to the plaintiff an equitable interest in the lands embraced in the contract. "This is going much beyond the rule admitting parol evidence to show that an absolute deed was given as a security and thus convert it into a mortgage. * * Believing as we do, that the rule itself was a violation of principle and sound policy, while we have regarded it as our duty to follow it so far as it may be fairly regarded as established by authorities, we are not inclined to extend it any further." PAINE, J., in *Sweet v. Mitchell.* We therefore think it incompetent by parol evidence to show that the parties subsequently agreed to convert the assignment into a conditional one. Such an agreement would be void under the statute of frauds.

Without dwelling on the exceptions taken to the charge of the court, and to the refusals to give the instructions asked on the part of the defendant, we will say that the rulings of the court on those points appear to us quite as favorable to the defendant as the law would allow. We have examined all the authorities cited on the brief of the counsel for the defendant, but find nothing in them in conflict with the views above expressed. *Dearborn v. Cross,* 7 Cow., 48, is the only case which has any bearing on the question before us tending to sustain the position that parol evidence was admissible to change the nature of the assignment; but the facts of that case are so different as to render the decision inapplicable.

We do not think there was any error of which the defendant can complain in the direction of the circuit court as to the amount of the recovery, provided the jury found in favor of the plaintiff. The amount was really settled by the pleadings and the undisputed testimony in the case.

*By the Court.* — The judgment of the circuit court is affirmed.