## DE LANE A. WILLARD V. JENS C. NELSON.

[FILED NOVEMBER 10, 1892.]

1. **Promissory Note:** FRAUD IN PROCURING SIGNATURE: BONA FIDE PURCHASERS. When the signature of an illiterate person is obtained to a promissory note by the payee fraudulently inducing him to believe that he is signing an instrument of an entirely different character, without any fault or negligence of the maker, the note cannot be enforced even in the hands of a *bona fide* holder.

2. **Sufficiency of Evidence.** *Held*, That the instructions fairly presented the case to the jury, and that the verdict is not contrary to the evidence.

ERROR to the district court for Platte county. Tried below before SMITH, J.

*M. V. Moudy,* and *Sullivan & Reeder,* for plaintiff in error.

*M. Whitmoyer, contra.*

NORVAL, J.

This is an action to recover of the defendant in error the amount of a promissory note for the sum of $120, which it is alleged he executed at Columbus, this state, on the 26th day of October, 1887, payable to the order of Cole, Grant & Co. one year after date, with interest at ten per cent, and indorsed by the payees to the plaintiff before maturity.

The answer sets up the illiteracy of the defendant, want of consideration, and that the note was procured by fraud and circumvention practiced upon him by the agent of Cole, Grant & Co. The reply denies the allegations of the answer. The jury found for the defendant, and the plaintiff brings error.

On the trial the plaintiff introduced testimony tending to show that the defendant's genuine signature is attached to the note and that plaintiff purchased it for value before maturity. He also introduced the instrument in evidence, and then rested his case. Thereupon the defendant introduced testimony to the effect that in October, 1881, he met in Columbus a person who represented himself to be the agent of Cole, Grant & Co. in the sale of a certain combition slat and wire fence; and that defendant was induced to and did consent to act as agent for said Cole, Grant & Co. in the sale of such fence in certain townships of Platte county. A commission contract, partly written and partly printed, constituting and appointing the defendant as such agent, was prepared by the agent of Cole, Grant & Co., which was signed by both parties. The defendant further testified that he signed his name but twice on that occasion, and he supposed he was signing duplicate contracts; that he is illiterate and unable to read English; that the stran-

ger read over the contract to him before it was signed; that nothing was said at any time about the defendant giving a note, nor did he know that he had signed one until long after the agent of the payees had left the county. This testimony is undisputed. The uncontradicted proof shows that, while the defendant's genuine name is appended to the note, he never executed and delivered the same, knowing it to be such, but that by some artifice or trick he was duped and defrauded into signing it, supposing it to be an agency contract for the sale of the fence. The note was absolutely without consideration. Only the two parties to the transaction being present when the paper was signed, the defendant was compelled to trust to the reading thereof to the agent of the payees. Whether the defendant was guilty of negligence or not was for the jury to determine from all the facts and circumstances in evidence. If he was free from negligence or fault and was tricked into signing the note, as the jury must have found, and the evidence tends to show, then the plaintiff cannot recover, although he may be a *bona fide* holder. (*First National Bank of Omaha v. Lierman*, 5 Neb., 247; *Dinsmore & Co. v. Stimbert*, 12 Id., 433; *First National Bank of Sturgis v. Deal*, 22 N. W. Rep. [Mich.], 53; *Bowers v. Thomas*, 62 Wis., 480; *Soper v. Peck*, 51 Mich., 563.)

The plaintiff on rebuttal called as a witness one Gus Wilson, and propounded to him the following question:

Q. State if Mr. Willard applied to you, about the time this note was purchased by him, to ascertain if he knew anything about the genuineness of this signature before he purchased.

Objected to, as immaterial and not responsive to the issues, and not rebuttal. Sustained. Exception.

The plaintiff offered to prove by the witness that within four or five days after October 26, 1887, the plaintiff in the action, D. A. Willard, came to the witness at his bank in Genoa, Nebraska, and asked him concerning the note

in suit, and the responsibility of the defendant, and exhibited to the witness the instrument, asking him whether it was all right; that the witness then stated to plaintiff that the signature to the note was genuine and that the defendant was financially solvent. Defendant objected to the offer, which was sustained.

The offered testimony was excluded, and, we think, rightly so, as it was clearly immaterial. The answer admitted the signature to the note, and the jury were so instructed. Besides, it was not competent to prove what the witness said to plaintiff about the note before it was purchased, as such testimony had no bearing upon the issues in the case, and was hearsay.

Several exceptions were taken to the charge of the court as given, and the refusal to give instruction one, requested by the plaintiff. None of these are well taken. Counsel have not pointed out a single objection to the charge of the court, and we are unable to discover any error therein. The instructions are in harmony with the authorities cited above, and the case went to the jury under a charge quite as favorable to the plaintiff as the case would warrant. The verdict has ample support in the evidence, and finding no error in the record the judgment of the district court is

AFFIRMED.

THE other judges concur.