ZUNKER, Respondent, vs. KUEHN and wife, Appellants.

*December 19, 1901—March 11, 1902.*

*Vendor and purchaser of land: "Record title:" Rescission: Adverse possession: Equity: Fraud: Misrepresentation.*

1. Where parties agree to exchange definite lands, each to give the other a good "record title," the fact that one vendor has record title to but part of the tract he claims to own and is therefore unable to comply with his agreement, operates as a legal fraud, sufficient to entitle the other to a rescission of the transaction.
2. Title by adverse possession is not "title of record," and where a vendor had agreed to give a good "record title,'" but put his vendee in possession under conveyance of. a title founded, as to part of the land, solely on twenty years' adverse possession, the vendee will not be compelled to accept or retain such a title.
3. In such a case it appeared, among other things, that defendants pointed out the entire tract as property owned by them, and as that which they were to convey; that such representations were innocently made, and there was no imputation of actual fraud. *Held*, that defendants were bound to know whether they had "record title" to the land pointed out or not, and their representations in that regard were actionable, although not shown to have been made wilfully or with fraudulent intent.

APPEAL from a judgment of the circuit court for Milwaukee county: EUGENE S. ELLIOTT, Circuit Judge. *Affirmed.*

In March, 1899, the plaintiff was the owner of certain lands in Waukesha county, and the defendants of a tract in the city of Milwaukee. An exchange was proposed. The defendant *Martin L. Kuehn* pointed out to plaintiff the tract he owned, which was inclosed by a fence, and having a street frontage of 110 feet. The exchange was agreed upon, each to give the other a good record title of the land owned by him, and deeds were executed. The defendants' deed covered a strip only ninety-nine feet wide, but plaintiff was put into possession of the entire tract. A few months afterwards plaintiff discovered that he had title to but ninety-nine feet, and so brought this action for a rescission of the transaction, alleging fraud and deception on the part of defendants. The answer admitted the execution and delivery of the convey-

ances mentioned, alleged that defendants were the owners in fee simple of the entire tract pointed out, and a readiness to make any additional deeds necessary to carry out the agreement, and denied fraud or deception. The court found the facts substantially as stated, and, in addition, that defendants had no title of record except to the ninety-nine feet; that both parties supposed they had title to the whole 110 feet inclosed in the fences and pointed out to plaintiff, and that defendants supposed they were giving title to the whole when their deed was executed, and plaintiff supposed he was getting such title. The evidence showed that the defendant *Martin* and his father had been in the exclusive possession of the 110-foot tract for thirty or thirty-five years, and had inclosed the same with a substantial fence. The court refused to find that defendants had title by adverse possession, but did find that defendants had no title of record to the strip eleven feet wide, and that the title which defendants had was not such title as they agreed to give to plaintiff. The court further found that plaintiff had tendered a reconveyance of the land and demanded a rescission of the transaction. The court's legal conclusions were that the mutual mistake of the parties as to the premises and the title thereto owned by the defendants operated in fraud of the rights of plaintiff, and entitled him to a rescission of the transaction. Exceptions were duly filed, and defendants appeal from a judgment entered in accordance with the findings.

For the appellants there were briefs by *McElroy & Eschweiler,* and oral argument by *F. C. Eschweiler.*

For the respondent there were briefs by *N. B. Neelen* and *C. E. Estabrook,* attorneys, and *F. W. Houghton,* of counsel, and oral argument by *Mr. Houghton.*

The following opinion was filed January 7, 1902:

BARDEEN, J.     The court found the parties agreed to an exchange of lands, and that each was to give the other a good

record title to the tract he was to convey. The defendants claimed to own a tract with a street frontage of 110 feet. The deed given plaintiff only covered a strip ninety-nine feet wide. The defendants had no record title to any more land than they conveyed, and were therefore unable to comply with their agreement. This fact operated as a legal fraud upon plaintiff, and was held sufficient to entitle him to a rescission of the transaction. No serious controversy arises over the facts. It is not claimed that defendants had any record title to the strip eleven feet in width which was not included in their deed. They insist, however, that they had title by adverse possession, and, having offered to convey, no rescission should be decreed. While the evidence is not perfectly clear and satisfactory, it may be admitted that defendants showed adverse possession of over twenty years. This was not a title of record. It depended upon questions of fact, and could only be established by a resort to parol evidence. Nothing that could be adjudicated in this action would be binding upon the holder of the record title. If plaintiff was to accept a deed from defendants, he might still be obliged to litigate with the holders of the record title the question of title as against them. This court cannot anticipate what the defendants or the owners of the record title may be able to prove in such a contest. The latter may be able to prove facts tending to show that what appeared to be adverse possession in a litigation in which he was not heard is quite otherwise. Such possession may be shown to have been permissive, or not continuous, or the attacking party may be one against whom the statute has not run. The situation in such cases is so uncertain, and the inability to make a binding adjudication so apparent, that courts uniformly refuse to compel grantees to accept title where resort to parol evidence is necessary to establish it, or where there is a reasonable doubt concerning its validity. The following are cases where this question has been involved and discussed: *Simis*

*v. McElroy,* 160 N. Y. 156; *Brokaw v. Duffy,* 165 N. Y. 391–399; *Heller v. Cohen,* 154 N. Y. 299; *Swayne v. Lyon,* 67 Pa. St. 436; *Holmes v. Woods,* 168 Pa. St. 530; *In re Reighard's Estate,* 192 Pa. St. 108; *Moore v. Williams,* 115 N. Y. 586; *Allen v. Atkinson,* 21 Mich. 351; *Jeffries v. Jeffries,* 117 Mass. 184. In *Noyes v. Johnson,* 139 Mass. 436, it was held that a purchaser was entitled to a good record title, and was not obliged to accept a title by adverse possession. In *Dobbs v. Norcross,* 24 N. J. Eq. 327, it is said:

"The court will never compel a purchaser to take a title where the point on which it depends is too doubtful to be settled without litigation, or where the purchase would expose him to the hazard of such proceeding."

Many other cases might be cited, but those mentioned cover the precise ground stated, and there are none to the contrary.

Another proposition submitted by the defendants is that there is no proof showing misrepresentation or fraud. It is undisputed that defendants pointed out the entire tract of 110 feet as the property owned by them, and which they were to convey. They supposed they had a record title to the same, and intended to convey it. When plaintiff accepted the deed and took possession he supposed he had received record title to the entire tract. The representations of defendants, although innocently made, were just as harmful to plaintiff as though they had known them to be false. The evidence casts no imputation of actual fraud upon the defendants, yet they cannot escape the consequences of their representations because of that fact. It is beyond question that plaintiff was induced to enter into the agreement by the acts and representations so made. False representations of facts or conditions which have induced the making of a contract may be actionable although not shown to have been made willfully, or with fraudulent intent. *Montreal River L. Co. v. Mihills,* 80 Wis. 540; *Gunther v. Ullrich,* 82 Wis. 222; *Porter v. Beattie,* 88 Wis. 22.

"The seller is bound to know that the representations which he makes to induce the sale of his property are true." *Beetle v. Anderson,* 98 Wis. 5.

See *Krause v. Busacker,* 105 Wis. 350; *McKinnon v. Volmar,* 75 Wis. 82. The defendants were bound to know whether they had record title to the land they pointed out or not. Even if the parties were mutually mistaken, and the mistake was material, this will be the ground for relief by rescission, as being equivalent to fraud in law. *Bigham v. Madison,* 47 L. R. A. 267. There is no way of getting away from the fact that the plaintiff did not secure that for which he contracted, and that defendants are not in a position to give him that which they agreed to give. Under these circumstances a rescission of the entire deal was within the province of a court of equity to declare, and we see no ground for disturbing that determination. None of the other questions raised are deemed to be of sufficient importance to require discussion.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied March 11, 1902.