SYLVESTER WILCOX, Appellant, *v.* AMERICAN TELEPHONE AND
TELEGRAPH COMPANY, Respondent.

1. EJECTMENT — GRANT OBTAINED BY FRAUD — WHEN PLAINTIFF
MAY ATTACK ITS VALIDITY, ALTHOUGH NEGLIGENT IN FAILING TO READ
IT. The negligence of the plaintiff in an action of ejectment against a
telephone company to recover lands occupied by its poles, in failing to
read an instrument executed by him under seal, granting to the defendant
the right to construct and maintain its lines over and along his property,
does not preclude him from attacking the validity of the paper where it
appears that his signature thereto was obtained by fraud, in that he relied
in signing it upon the statement of defendant's agent that the paper was
a receipt for a dollar, which he wished to pay him for trimming one of his
trees, and the direction of a nonsuit upon that ground is reversible error.

2. WHEN RESORT TO EQUITABLE ACTION UNNECESSARY — CONSIDERA-
TION NEED NOT BE RETURNED. Under such circumstances the action is
properly brought; the plaintiff is not obliged to appeal to a court of
equity for relief against the grant, but when it is set up to defeat his claim
he may avoid its effect by proof of the fraud by which it was obtained;
nor is he obliged to return the dollar paid to him on its execution; the
rescission of a contract induced by fraud is not attempted; the fraud
charged relates, not to the contract, but to the instrument purporting to
represent it.

*Wilcox* v. *Am. Tel. & Tel. Co.,* 73 App. Div. 614, reversed.

(Argued June 5, 1903; decided October 6, 1903.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered May
20, 1902, affirming a judgment in favor of defendant entered
upon a dismissal of the complaint by the court at a Trial Term
and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Jay K. Smith* for appellant. Failure of plaintiff to read
the instrument in question or to have it read to him was not
such negligence as deprived him of the right to show that the
instrument was obtained by mistake of plaintiff and by means of
fraudulent statements made by defendant's agent. (*A. C. S.
Instn.* v. *Burdick*, 87 N. Y. 46; *Mead* v. *Bunn*, 32 N. Y.

275; *De Flour* v. *Bowers*, 14 Abb. [U. S.] 394; *Baker* v. *Lion*, 67 N. Y. 309; *Dey Ermand* v. *Chamberlin*, 88 N. Y. 658; *Kilmer* v. *Smith*, 77 N. Y. 227.)

*Elbridge L. Adams* and *Melville Egleston* for respondent. There was no proof of fraud impeaching the grant which entitled plaintiff to go to the jury upon that issue. (*A. C. S. Instn.* v. *Burdick*, 87 N. Y. 46; *Kilmer* v. *Smith*, 77 N. Y. 227; *Dey Ermand* v. *Chamberlin*, 88 N. Y. 658; *Smith* v. *Smith*, 134 N. Y. 62.) Assuming that the evidence of the plaintiff tends to establish fraudulent representations upon the part of the defendant, yet he cannot be heard to say that he has been deceived, for he was grossly negligent in not reading the instrument. (14 Am. & Eng. Ency. of Law [2d ed.], 115, 135; Jaggard on Torts, 599; Bishop on Contracts, § 346; 2 Bishop's Crim. Law, § 590; *Matter of Greenfield*, 14 Penn. St. 496; *Trambly* v. *Rickard*, 130 Mass. 259; *Olson* v. *Royern*, 77 N. W. Rep. 818; *Winchell* v. *Crider*, 29 Ohio St. 48; 1 Story's Eq. Juris. § 207; *Long* v. *Warren*, 68 N. Y. 426; *De Milt* v. *Hill*, 89 Hun, 56; *Starr* v. *Bennett*, 5 Hill, 303; *Taylor* v. *Fleet*, 4 Barb. 95; *Wood* v. *Gordon*, 44 N. Y. S. R. 640; *Shumaker* v. *Mather*, 133 N. Y. 590.)

CULLEN, J. The action was brought in ejectment to recover lands in the highway occupied by the defendant's poles, and for damages. On the trial the plaintiff proved title to the *locus in quo* and the entry thereon by the defendant and the erection of its poles. The defendant then put in evidence an instrument under seal executed by the plaintiff some years after the original entry on the highway, whereby the plaintiff in consideration of one dollar granted to the defendant the right to construct, operate and maintain its lines over and along the plaintiff's property. The plaintiff admitted his signature to this instrument, but testified that at the time of its execution he was told by an agent of the defendant that he had trimmed one of the plaintiff's trees and wished

to pay him a dollar for it; that the agent told him the paper was a receipt for a dollar; that he, the plaintiff, did not read the paper, that he had not his spectacles with him, and that thereupon relying upon the statement of the agent as to its contents he signed the paper. On this evidence the court directed a nonsuit and the judgment entered thereon was affirmed by the Appellate Division by a divided court, Mr. Justice SPRING writing for reversal.

The ground on which the learned trial judge disposed of the case, as appears in the opinion rendered by him upon denying the motion for new trial, was that the negligence of the plaintiff in failing to read the paper which he signed precluded him from attacking its validity. We think no such rule of law prevails in this state, though there may be *dicta* in the text books and decisions in other jurisdictions to that effect. It was expressly repudiated by this court in *Albany City Savings Institution* v. *Burdick* (87 N. Y. 40), where Judge EARL said : " It is certainly not just that one who has perpetrated a fraud should be permitted to say to the party defrauded when he demands relief that he ought not to have believed or trusted him. Where one sues another for negligence, his own negligence contributing to the injury will constitute a defense to the action ; but where one sues another for a positive, willful wrong or fraud, negligence by which the party injured exposed himself to the wrong or fraud will not bar relief." (See, also, *Welles* v. *Yates*, 44 N. Y. 525 ; *Smith* v. *Smith*, 134 N. Y. 62.) It is true that in the opinion delivered in the *Smith* case Judge LANDON refers to the relations of confidence between the parties, but only as affecting the credibility of the plaintiff's story that she executed the instrument relying on the defendant's statements as to its contents. The decision did not proceed on any ground of trust relations between the parties. On the contrary, the learned judge said : " The learned counsel for the defendant cites numerous cases, mostly from other states, to support his contention that plaintiffs' negligence in not reading the deed defeats their appeal to equity to relieve

them from it. The law of this state as stated in *Albany City Savings Institution* v. *Burdick* is not so harsh as in some of the cases cited. It does not, in cases like this, impute inexcusable negligence to that omission of vigilance and care procured by the fraud of the wrongdoer." In the other cases cited there was no relation of trust between the parties, but merely that of vendor and purchaser. In a case where a third party has parted with value on the faith of the instrument executed by a person, the question of negligence leading to the execution of the instrument might be material (see opinion of Gray, J., in *Marden* v. *Dorthy*, 160 N. Y. 60), but it can have no relevancy in favor of the party who it is alleged committed the fraud. The credibility of the plaintiff's statement was for the jury; if the trial judge deemed it unreliable he might have set aside a verdict based upon it, but that did not authorize him to withdraw the case from the jury or to direct a verdict or a nonsuit. (*McDonald* v. *Met. Street Ry. Co.*, 167 N. Y. 66.)

The practice adopted by the plaintiff was entirely proper. He was not obliged to appeal to a court of equity for relief against the deed, but when it was set up to defeat his claim he could avoid its effect by proof of the fraud by which it was obtained. (*Kirchner* v. *New Home Sewing Machine Co.*, 135 N. Y. 182.) Nor was he obliged to return the dollar paid to him on its execution. The plaintiff does not attempt to rescind a contract as induced by fraud; the charge by him relates, not to the contract, but to the instrument which purports to represent the contract. In such a case the return of the consideration is unnecessary. (*Cleary* v. *Municipal Electric Light Co.*, 19 N. Y. Supp. 951; affirmed on opinion below, 139 N. Y. 643.)

The judgment should be reversed and a new trial granted, costs to abide the event.

O'Brien, Bartlett and Werner, JJ., concur; Parker, Ch. J., not sitting; Gray, J., not voting; Haight, J., dissents.

Judgment reversed, etc.