OUTCAULT ADVERTISING COMPANY, Appellant, *v.* H. BLAKE STRATTON, Respondent.

Third Department, May 2, 1917.

**Contract — evidence sustaining defendant's right to cancel contract notwithstanding express provision thereof to contrary — negligence — failure of party to read paper before signing — fraud.**

In an action upon an advertising contract which provided that " this contract cannot be cancelled " and that " all promises and agreements are stated herein; verbal agreements with salesmen not authorized," the defendant claimed that when the contract was made with the plaintiff's agent he informed him that he contemplated going out of business, and that it was then agreed between them that if he did so he should be at liberty to cancel the contract, and that the agent promised to insert such provision.  Evidence examined, and *held*, sufficient to establish the defendant's contention.

The negligence of a party in failing to read a paper which he signs does not necessarily preclude him from asserting its invalidity on the ground of fraud.

APPEAL by the plaintiff, Outcault Advertising Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Sullivan on the 24th day of May, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 22d day of June, 1916, denying plaintiff's motion for a new trial made upon the minutes.

*Samuel A. Kobac* [*Joseph I. Stahl* of counsel], for the appellant.

*John D. Lyons*, for the respondent.

COCHRANE, J.:

On February 2, 1912, the plaintiff by its agent, Louis Levine, made a written contract with the defendant who was a dealer in furniture to provide him with advertising material for one year after May 1, 1912, at the rate of three dollars per week. The contract contained these provisions: " This contract cannot be cancelled;" "All promises and agreements are stated herein; verbal agreements with salesman not authorized."

When the contract was made defendant was attempting to dispose of his business. He had previously secured the services of an agent to negotiate a sale thereof. And about three weeks after the contract with the plaintiff, the defendant did sell out his business.

The defense is that when the contract was made with the plaintiff's agent, Levine, the defendant informed him that he contemplated going out of business and that it was then agreed between them that if he did so he should be at liberty to cancel the contract and that Levine promised to insert such a provision in the contract. The allegation of the answer is that Levine by false and fraudulent representations procured the defendant to sign the contract, the representations being that he had inserted in the contract a provision whereby the defendant might cancel the same in case he sold out his business which representation was false as the contract does not contain any such provision, but on the contrary provides that it cannot be canceled.

The defendant and his clerk both testified that Levine, who prepared the contract in the defendant's store, promised to insert therein a provision for cancellation thereof after the defendant had explained to him that he contemplated selling his business and that Levine also stated after the oral arrangement had been made to that effect that he had made the necessary provision in the contract. This was denied by Levine but the jury have found the facts as claimed by the defendant. The defendant says he did not read the contract but trusted to Levine's statement that he had inserted therein

the cancellation provision and that he did not read the copy of the contract which was left with him by Levine until after the commencement of this action. Immediately on selling his business the defendant notified the plaintiff and stated that he wished to cancel the contract for advertising services.

It is contended that the defendant was negligent in not reading the contract and informing himself of its contents. There are decisions and statements in text books that the negligence of a party in failing to read a paper which he signs precludes him from asserting its invalidity on the ground of fraud. But in this State such rule has been authoritatively and decisively repudiated by the court of last resort. In *Albany City Savings Institution* v. *Burdick* (87 N. Y. 40) it was written: " It is certainly not just that one who has perpetrated a fraud should be permitted to say to the party defrauded when he demands relief that he ought not to have believed or trusted him. Where one sues another for negligence, his own negligence contributing to the injury will constitute a defense to the action; but where one sues another for a positive, willful wrong or fraud, negligence by which the party injured exposed himself to the wrong or fraud will not bar relief." In *Wilcox* v. *American Telephone & Telegraph Company* (176 N. Y. 115) the rule as above declared was reiterated and emphasized. That case also holds that the injured party is not required to resort to a court of equity for relief.

The judgment and order should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.