P. C. McCord, Appellee, v. Albert Mitchell, Appellant.

EVIDENCE:   Relevancy, Materiality, and Competency—State of
1  Mind—Inducing Cause.  It is competent for one, when such is
the issue, to state the inducing cause of his action.  So held
as to what induced a settlement.

PAYMENT:    Recovery of Payments—Fraud as Inducing Cause—
2,9 Reliance. One seeking to recover payments because of fraudu-
lent representations need not show that such fraud was the *only*
thing that influenced him in making the payment.  It is suffi-
:cient if such fraud was the controlling factor.

FRAUD:    Nature of Fraud—Fraudulent Settlement of Disputed
3  Claim.  Fraud will vitiate a setclement, even though the settle-
ment is on a disputed claim.

TRIAL:    Instructions—Form, Requisites, and Sufficiency—Presump-
4  tion Attending Settlement.  The legal presumption attending the
settlement of a disputed claim is sufficiently· presented to the
jury by an instruction placing the burden on the one attacking
the settlement to show that it was procured by fraud.

APPEAL AND ERROR:    Assignment of Error—Failure to Submit
5  Brief Points.  Assignment of errors without brief points will
be disregarded.

EVIDENCE: Opinion Evidence—Appearance of Sickness in Animals.
6  A farmer without knowledge of veterinary science is competent
to state that farm animals did not, at a named time, *appear to
be sick.*

EVIDENCE:    Admissions—Non-Material Admissions.    Non-material
7  admissions of a party are properly excluded.

EVIDENCE:    Relevancy, Materiality, and Competency—Remote
8  and Speculative Matters.  On the issue whether domestic ani-
mals were diseased, evidence that the owner was using them
for food is too remote for admissibility.

PAYMENT:    Recovery of Payments—Fraud as Inducing Cause—
2, 9 Reliance.

DAMAGES:    Measure of Damages—Recovery of Payments—Fraud.
10  In an action to recover payments on the sole issue of fraud, the
measure of recovery is the total amount paid.

*Appeal from Shelby District Court.*—Thomas Arthur, Judge.

DECEMBER 18, 1917.

ACTION to recover money, alleged to have been paid to defendant, resulted in judgment as prayed. Defendant appeals.—*Affirmed.*

*Thomas H. Smith,* for appellant.

*Edward S. White,* for appellee.

LADD, J.—At an auction sale on plaintiff's farm, defendant bought nine hogs, paying $191 for them. Subsequently, defendant represented to plaintiff that these hogs were afflicted with a disease known as hog cholera; that this disease had been communicated to other hogs owned by him; and that all of those purchased and many others had died from that disease, of the total value of about $500. After negotiating for a while, settlement of the claim asserted by defendant was made by paying him $262.50. Recovery thereof is sought on the ground that defendant's representations were false and so known by him to be, and had for their purpose extracting money from plaintiff, and that the latter, in parting therewith, relied thereon. The evidence is in sharp conflict, and, as that in behalf of either party was ample to support a verdict in his favor, we may not interfere with that returned.

I. Contrary to appellant's contention, the circumstances shown were such that the jury might have found therefrom, in the absence of any direct statement by plaintiff to that effect, that payment of the money was induced by the representations that the hogs purchased were afflicted with cholera, and, with others, had died therefrom. He testified, in redirect examination, in response to an inquiry as to whether he relied on defendant's

1. EVIDENCE: relevancy, materiality, and competency: state of mind: inducing cause.

statements: "I believe I did. I didn't have anything else. No information otherwise." To an inquiry as to "whether you would have paid out that money had these statements so made by Mr. Mitchell been known by you at the time to be untrue," he answered, "No, I wouldn't have." This was permissible testimony. *Mann v. Taylor*, 78 Iowa 355; *Larson v. Thoma*, 143 Iowa 338.

True it is that, on re-cross-examination, he had testified that—

"The reason I gave him his money back—he told me he was going to start suit at Glenwood, and that is the county seat of Mills County. I live in Malvern, somewhere in the neighborhood of twelve miles from Glenwood, and he was going to start to bring suit down there, and I was a stranger down there, and I thought it would be a pretty bad start on me to have a lawsuit and a case of that kind, and people would think I was a pretty bad sort of a fellow to have a sale and sell sick hogs. Then, too, I couldn't find any evidence at that time that he hadn't lost these hogs, or but what he had lost my hogs and also lost his; and I felt as though, if he really did lose my hogs, I was perfectly willing to give him his money back—if he really did; because also I was tied up pretty tight and couldn't get away very handy, and rather than have a lawsuit, I thought I better give him his money back. Q. So that is the reason you gave him the money; you didn't believe they died with the cholera? A. I was a little bit skeptical, but I couldn't find any reason why they didn't. Q. You knew your hogs weren't sick when you sold them? A. Yes, sir. Q. And hadn't been sick? A. Yes, sir. Q. So you didn't believe they had died on his hands at all? A. It looked fishy to me. Q. But you thought, rather than have any further trouble, you would pay him? A. Yes. Q. And you thought, rather than have any further trouble, you would pay him, especially as you were a stranger down there,—

you would pay him, and be done with it?    A.    Yes, sir."

Even if other matters, such as the avoid-

**2. Payment: recovery of payments: fraud as inducing cause: reliance.** ance of a lawsuit, may have influenced plaintiff in what he did, or even were he somewhat doubtful as to the truth of the statements, yet if, but for said statements, he would not have parted with the $265.50, this was sufficient to sustain the finding that he was induced so to do by defendant's representations.    See *Mohler v. Guarantee Hail Assn.*, (Iowa) 161 N. W. 451 (not officially reported) ; *Baker v. Mathew,* 137 Iowa 410.

II.    Appellant contends that, inasmuch

**3. Fraud: nature of fraud: fraudulent settlement of disputed claim.** as the money was paid in settlement of an alleged claim, there can be no recovery.    One of the trite sayings of the law is that fraud vitiates everything.    As asserted in argument, there was a dispute between the parties; but, as contended by plaintiff, it was over a "trumped-up" and false claim asserted by defendant with intent to deceive and defraud him, and the mere circumstance that the design was to accomplish this, through procuring a settlement of the pretended claim, and money was so extracted, will not defeat recovery of the money so obtained.    A settlement procured by fraud is as voidable as any other contract so induced.

Complaint is made that the court omit-

**4. Trial: instructions: form, requisites, and sufficiency: presumption attending settlement.** ted to advise the jury, in the ninth and tenth instructions, as to the presumption prevailing in favor of the settlement of a disputed claim.    This was, in effect, done by casting the burden on plaintiff to prove that it was obtained by fraud, in order to recover; and if anything more specific was desired, an instruction embodying what appellant wished should have been requested.    A settlement is no more sacred than any other executed con-

tract, and the court was right in so regarding this one, and instructing the jury accordingly.

III. Rulings on the admissibility of evidence are assigned as errors. No brief points are submitted, and therefore neither argument on the rulings *en masse* nor general assignments of error will be considered. It is no part of this court's duty to search out the particular ruling of which an appellant complains in an argument directed at rulings generally, or errors assigned to rulings generally, or on certain pages. It is not too much to exact of counsel that the precise ruling of which complaint is made be specified in the brief. Only such as are so pointed out will be considered, though it may as well be said that others in the record cannot be regarded as fairly debatable.

5. APPEAL AND ERROR: assignment of error: failure to submit brief points.

The plaintiff, who had been a farmer for many years, was allowed, over objection, to say whether the hogs, on the day of the sale, were sick with a contagious disease. In view of what he said, shortly afterwards, this was no more than saying that they did not appear to be sick. One having experience in handling animals may say that much, without proof of having skill in veterinary science. As said, the witness, in response to a question, testified:

6. EVIDENCE: opinion evidence: appearance of sickness in animals.

"I have had quite a bit of experience with hog cholera, and would know if the hogs were sick; but whether or not it would be cholera I don't believe I could tell, unless a person would have a *port mortem* examination. I never done anything like that, but my hogs wasn't sick at that time— no signs of cholera at that time."

This obviates any prejudice in the ruling.

Two witnesses testified to purchases of

**7. Evidence: admissions: non-material admissions.**

hogs at the sale, and that about a week later, some of them took sick and subsequently died. Each testified to a conversation with plaintiff about the matter, and that he said he would make it all right; and the last clause of this answer in each instance was stricken out on motion, and neither witness was permitted to explain the manner of adjustment, or that it had been made. The material facts bearing on the issues were that the hogs had become sick so soon after leaving plaintiff's possession as to raise an inference that not only they, but all the hogs, were then diseased, or had been so exposed as to have contracted the disease, though the importance of this was somewhat impaired by the prevalence of cholera in the neighborhood. What plaintiff may have said was in response to the statements made by the witnesses, and could have been construed as no more than admissions of their statements as being true, and, as such, the evidence was admissible. But the testimony of these witnesses was not controverted, and we are inclined to the opinion that the exclusion of what he may have said about adjusting matters with them would not have aided the jury materially in determining the condition of the hogs sold to these witnesses at the time of the sale, and therefore the ruling was without prejudice.

The court also excluded the proffered

**8. Evidence: relevancy, materiality, and competency: remote and speculative matters.**

testimony of defendant and his wife that he had been killing hogs during the time in question for the use of the family. It is argued that such evidence would have tended to show that his herd was not afflicted with cholera. Such evidence would be rather remote; for involved therein was defendant's conclusion with respect thereto, as well as the further thought that the herd might have been so affected and yet he have well hogs for slaughter. Their evi-

dence that no hogs on their farm had been afflicted with cholera prior to obtaining those of defendant could not have been strengthened by the proffered testimony, and we are of opinion that the matter was of detail, and the admission of such trifling importance that error may not be predicated thereon, whether the testimony was received or excluded.

9. PAYMENT: recovery of payments: fraud as inducing cause: reliance.

IV. Several of the instructions are criticised. The fourth, in enumerating the facts necessary for the jury to find in order to return a verdict as prayed, exacted as one of these that "the plaintiff believed and relied upon such representations, and was induced *to some extent* by such representations to pay the defendant the $262.50." This, standing alone and unexplained, would be insufficient, unless the extent of such inducement was such that, but for it, he would not have parted with his money. The rule is accurately stated in the eighth instruction, where the jury is told that:

"It is not required to be shown that such representations were the sole producing cause, but it must appear that such representations were a material inducement, and that, but for such representations, the plaintiff would not have paid to the defendant the $262.50 in question."

This pointed out the precise extent of the inducement essential, and obviated the inference of any error in the previous instruction. Appellant contends that reliance must have been had on all the representations said to have been false, and cites decisions, wherein the question was not raised, so saying. That the rule is as stated in Instruction 8 is too well established to require the citation of authority. This disposes of the criticism of the seventh and eighth instructions.

V. Exception is taken to the tenth instruction for that it fixed the measure of damages at the amount paid; and it is said that recovery should have been limited to the value of the hogs which were alive when represented to be dead. Had the defendant pleaded, by way of counterclaim, the alleged diseased condition of the hogs purchased, and prayed for recovery of damages suffered therefrom, upon proof thereof he might have been entitled to an offset against the amount found to have been extracted from plaintiff by the practice of the fraud alleged. But he interposed no such claim, and the sole issue was whether the $262.50, paid over through a single check on a bank, had been obtained by fraud, and the court rightly told the jury that, if so, its verdict should be for the entire amount.

*10. DAMAGES: measure of damages: recovery of payments: fraud.*

There was no reversible error, and the judgment is—*Affirmed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.