HENRY S. CARRINGTON, Appellant, *v.* NATHAN J. MILLER et al., Copartners, etc., Respondents.

Supreme Court, Appellate Term, First Department, December 18, 1924.

**Fraud — action to recover money paid for corporate stock — action based on fraudulent representations that stock was listed — evidence — error to reject plaintiff's testimony that he relied on representations.**

It is error, in an action based on fraud to recover the amount paid for corporate stock, to reject testimony by the plaintiff that he relied on the fraudulent representations made by the defendant that the stock was listed on the New York Stock Exchange, for it is essential to the plaintiff's cause of action to establish that he did rely upon the representations in making the purchase.

APPEAL by plaintiff from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District, rendered in favor of defendants upon the verdict of a jury, and from an order denying plaintiff's motion to set aside the jury's verdict and for a new trial.

*Philip C. Samuels* [*Philip C. Samuels* and *Max Lazarus* of counsel], for the appellant.

*Johnson, Heymann, Glaston & Holstein* [*Mark G. Holstein* and *Mark Jacobs* of counsel], for the respondents.

PER CURIAM:

Plaintiff claims defendants' employee induced him by false and fraudulent representations to buy certain shares of stock. When plaintiff discovered the fraud, he asserted, he repudiated the purchase, offered to return the stock and demanded the return of his money. Defendants refused such return and this action was instituted to recover the money paid for such stock. Before plaintiff could recover he had to establish false representations known to be false by the defendants intended to influence the plaintiff and which came to plaintiff's knowledge and in reliance upon which he in good faith parted with his property. The plaintiff offered proof that he relied on the defendants' representation as to the trading and listing of the stock and was induced because of them to make the purchase in question, but the evidence was excluded by the court.

Direct examination by plaintiff's counsel: " Q. When he (meaning Melhado) made the statement to you that the stock was listed on the New York Stock Exchange and was going to be traded in on the following morning, did you telephone him that you relied upon this statement in giving him the order? A. I absolutely did. Defendants' counsel: I object, and move to strike that out as a conclusion. The Court: Yes, strike it out. Plaintiff's counsel: Which one, your Honor? The Court: The last statement of the witness. Plaintiff's counsel: I respectfully except. * * * Q. Had the statement not been made to you that this stock was going to be listed on the New York Stock Exchange the following morning for trade, would you have given the order for the purchase of this Daniel Boone stock? Defendants' counsel: I object to that question as calling for a conclusion. The Court: Objection sustained. Plaintiff's counsel: Exception. * * * Q. Would you have given the order to Mr. Melhado for the purchase of the stock had he not made these statements, that the stock would be listed on the New York Stock Exchange and traded in on the following morning? Defendants' counsel: The same objection. The Court: Objection sustained. Plaintiff's counsel: Exception."

We regard the exclusion of this evidence as prejudicial error necessitating a new trial. The plaintiff in an action of this character cannot recover unless he proves reliance, and the effect which the representations had upon plaintiff's mind is the most direct proof of reliance. This is an exception to the general rule of evidence that a party may not testify as to mere mental operation.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, WAGNER and LEVY, JJ.