IN RE ESTATE OF SARAH E. MAURER.

IDA E. MASON, Appellant, v. W. G. W. GEIGER, Executor, Appellee.

**EVIDENCE:** Competency—State of Mind. Testimony of one's *expectation* is competent under an issue requiring proof of such expectation.

Headnote 1:  22 C. J. p. 611.

*Appeal from Cedar District Court.*—F. L. ANDERSON, Judge.

DECEMBER 27, 1924.

REHEARING DENIED MARCH 21, 1925.

ACTION in probate on a claim filed by Charles Mason, and by him assigned to his wife, the appellant herein. Trial to a jury. Verdict and judgment for the defendant. Plaintiff appeals.—*Reversed.*

*J. C. France,* for appellant.

*C. O. Boling, W. G. W. Geiger,* and *C. J. Lynch,* for appellee.

PRESTON, J.—The claim is for board, care, and laundry furnished deceased from August 30, 1920, to February 2, 1921, at $15 per week, $334, and for like services from February 3, 1921, to April 17, 1921, at $25,—$267.85; total $601.85. Plaintiff is the daughter of deceased. Deceased was about 85 years of age, when, on August 30, 1920, she came into the home of the plaintiff and her husband, where she remained and was cared for until her death, a few months later, April 17, 1921. She was nervous and worried, for about the first two weeks, and had a nurse. Towards the last, she was feeble, and required a great deal of attention, and for two weeks, or such a matter, before her death, she had a nurse. Plaintiff and her husband helped

care for her. She had not lived in the home of plaintiff before, but had lived with another daughter and others, prior to coming to plaintiff's home. It is not claimed that there was any express agreement as to payment by deceased, and there is no evidence of such an agreement. The claim is that deceased expected to pay therefor, and that plaintiff's assignor expected to receive pay. The trial court submitted the case on that theory. The trial court instructed the jury, as a matter of law, that, under the evidence, deceased was a member of the family of claimant and her husband, and that the services were, therefore, presumptively gratuitous.

It is thought by appellant that the court should have submitted to the jury whether she was a member of the family. Plaintiff's husband testified:

"Q. She was there as a member of the family, eating at the table with the rest of the family there? A. Yes. Q. Until she came into your home your family consisted of yourself and wife, did it? A. Yes. Q. After she came into the home, your family consisted then of yourself and wife and the old lady? A. Yes."

There are other circumstances in the evidence tending to so show, and it seems not to be denied. It should be said, perhaps, that the real gist of the testimony of the husband as to the deceased's being a member of the family was contained in the questions of opposing counsel, and its real significance may not have been appreciated by the witness. However, under the record as it now stands, we think the court properly instructed as to that point.

The principal point in the case, and the one most relied on, is that the trial court refused to permit plaintiff's husband to testify that, when the services were performed, he expected pay. It is the thought of appellee that the only debatable question in the case is whether there was any evidence authorizing the submission of the case to the jury. With the offered evidence of plaintiff's husband excluded, there is very little evidence tending to show that claimant or her husband expected to be paid. There is evidence tending to show, and sufficient to take the case to the jury, that deceased expected to pay. Plaintiff's husband, as a witness, was asked:

"Q. Mr. Mason, when this board was furnished, and when Mrs. Maurer came to live at your home and requested to remain there, did you expect at that time to be paid for her board and services rendered?"

Defendant's objection was sustained. The contention is that the question called for the opinion and conclusion of the witness, and would usurp the function of the jury on the very question, and practically the only question, submitted to the jury. It is somewhat in the nature of a conclusion. It is difficult sometimes to determine just what is and what is not a conclusion. The only case cited by appellant on this point is *In re Estate of Squire,* 168 Iowa 597, 603. An examination of the case shows that the claimant testified that she thought she should be paid for the nursing, etc. But we do not find that there was any objection thereto, and the point was not determined. No cases are cited by appellee on this point. In view of the record, it was incumbent upon plaintiff to prove that there was a mutual expectation of compensation to be paid by deceased to Mason. As said, there was sufficient evidence to show that deceased expected and intended to make compensation. It was further incumbent upon plaintiff to show that plaintiff expected compensation. We have held that a witness may testify to his own state of mind, where such state of mind is a material issue in the case. He may testify to his "knowledge" or to his want of it; to his "intent" or lack of it; to his "reliance" or the absence of it. A defendant in a criminal case claiming self-defense may testify to his "belief" of reports made to him and to his "fear" of his adversary. Such evidence is not deemed to be a conclusion, nor is it objectionable on such ground. *Mann v. Taylor,* 78 Iowa 355; *Larson v. Thoma,* 143 Iowa 338; *McCord v. Mitchell,* 182 Iowa 196, 198; *Hasbrouck v. Western Union,* 107 Iowa 160.

The foregoing cases do not cover the precise question here asked, but we think that under them the evidence was improperly rejected. The judgment is—*Reversed and remanded.*

ARTHUR, C. J., and EVANS and FAVILLE, JJ., concur.