### HUDSON IRON CO. v. MERSHON et al.

(Supreme Court, Appellate Division, First Department. March 8, 1912.)

1. REPLEVIN (§ 12*)—ACQUISITION OF PROPERTY—FRAUD—DECEIT—CONTRIBUTORY NEGLIGENCE.

Where defendant M. secured certain notes from plaintiff's president by fraud and deceit, an instruction that, if plaintiff's president did not act as an ordinarily prudent man would have acted under the same circumstances, plaintiff could not recover the notes, was erroneous; contributory negligence being no defense to an action for fraud and deceit.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 98–110; Dec. Dig. § 12.*]

2. APPEAL AND ERROR (§ 1172*)—FRAUD—TRANSFER—BONA FIDE PURCHASER—SEVERANCE.

Defendant M. obtained three notes belonging to plaintiff corporation from plaintiff's president by fraud and procured defendant C. to discount two of the notes for full value on the representation that defendant M. had obtained the notes from plaintiff for services. Judgment was rendered for both M. and C. *Held* that, while plaintiff was entitled to recover the note retained by M., he could not recover those transferred to C. and that judgment would be granted on a severance affirming the judgment as to C. and remanding the case as to M. for a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4555–4561; Dec. Dig. § 1172.*]

Appeal from Trial Term, New York County.

Action by the Hudson Iron Company against Stephen L. Mershon and Frederick Crane. From a judgment for defendants, and from an order denying plaintiff's motion for a new trial, it appeals. Affirmed as to defendant Crane, and reversed as to defendant Mershon.

Argued before INGRAHAM, P. J., and LAUGHLIN, MILLER, McLAUGHLIN, and DOWLING, JJ.

W. W. Wherry, Jr., for appellant.
B. F. Spellman, for respondents.

MILLER, J. This is a replevin suit to recover possession of three notes each for the sum of $1,666.66 made by the plaintiff to the order of Harold G. Villard, its president, and by him indorsed and deliv-

---

ered to the defendant Mershon. The plaintiff's evidence tends to show that the notes were delivered to said defendant to be by him delivered to a third party. The defendants' evidence tends to show that the notes were given to the defendant Mershon for services. Mershon indorsed and delivered two of the notes to the defendant Crane and retained the third one. The defendant Crane claims to be a holder in due course for value.

[1] The court charged at the request of the defendants that, if Villard, the plaintiff's president, in delivering the notes to the defendant Mershon, did not act "as an ordinary prudent and careful man would under the same circumstances," the jury must find for the defendants. The jury found a verdict for both defendants. Upon the plaintiff's evidence, Mershon obtained possession of the notes by fraud and deceit. But under the charge of the court, the jury were permitted to find that, if Villard, the plaintiff's president, was negligent in trusting Mershon, the latter acquired good title to the notes even as between himself and the plaintiff. The bare statement of the proposition refutes it. It is not the law of this state that contributory negligence is a defense to an action for fraud and deceit, or that a person who is negligent in reposing confidence in a wrongdoer may not recover his property from the latter. See Wilcox v. American Telephone & Telegraph Co., 176 N. Y. 115, 68 N. E. 153, 98 Am. St. Rep. 650.

It is impossible to say upon what theory the jury rendered their verdict, and, although there were other requests charged by the court which were somewhat inconsistent with the one in question, it is impossible to say that the jury were not misled. Indeed, it is quite probable that they were misled because considerable emphasis appears to have been put upon the assertion that Villard, upon the plaintiff's theory of the case, was negligent in delivering the notes to Mershon.

[2] The defendant Crane testified that he discounted the notes at Mershon's request in reliance upon the latter's statement that they had been given him for services and without any knowledge whatever that they were being diverted from the purpose for which they were given, and that he paid to Mershon the face of the notes less interest. In support of that testimony, his check for the amount of the two notes less interest was produced, and it was established that Mershon procured the check to be certified and obtained the money on it. We are unable to discover a single circumstance tending to discredit that testimony. It is neither improbable nor inconsistent with any other evidence in the case, and we think it would be unfair to the defendant Crane to grant a new trial for an error which was prejudicial only because the issue between the plaintiff and the defendant Mershon was sharply contested. As a matter of fact, the plaintiff has united two causes of action against different parties, though the action appears to have been brought on the theory that all three notes were transferred to, and held by, the defendant Crane. We can now effect a severance, and do justice at the same time by affirming the judgment as to the defendant Crane and by reversing as to the defendant Mershon and granting a new trial.

The judgment, in so far as it adjudges that the defendant Crane is entitled to the possession of two notes in suit, affirmed, with costs; and the judgment, in so far as it adjudges that the defendant Mershon is entitled to the possession of one note for $1,666.66, reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

