JOSEPH VIHART et al., Appellants, *v.* BROADWAY
DEVELOPMENT CORPORATION, Respondent.

(Supreme Court, Appellate Term, First Department, April Term
— Filed May, 1921.)

**Vendor and purchaser — contracts — false representation as to
ownership and location of lots — fraud — trial.**

> Contributory negligence is no defense to an action for fraud.
> After negotiating with defendant for the purchase of two
> certain lots not owned by it and which were stated to be about
> one hundred and seventy-five feet away from a certain named
> avenue, plaintiffs, who were ignorant of the English language,
> executed a contract prepared by defendant for the purchase of
> two lots other than those agreed upon on the same street which
> were not located one hundred and seventy-five feet from said
> avenue. Subsequently plaintiffs, in reliance upon defendant's
> false representations as to the ownership and location of the
> lots negotiated for and that there was gas and a sewer in the
> street, erected a building upon said lots. In an action for
> fraud, *held,* that a charge to the jury that the false represen-
> tation that there was a sewer and gas in the street was waived
> by plaintiffs because not mentioned in the contract of sale, was
> erroneous.
>
> A holding of the trial judge that plaintiffs before erecting
> the building should have examined their contract and the map
> therein referred to, was also erroneous, as the plaintiffs had a
> right to assume that the defendant would incorporate into the
> contract the actual agreement of the parties.
>
> Assuming that plaintiffs were careless or negligent in not
> reading the contract and having the property surveyed or
> located before attempting to build thereon, this would not pro-
> tect defendant from its wilful fraudulent acts.
>
> Judgment dismissing the complaint entered upon an order
> setting aside the verdict of the jury in plaintiffs' favor reversed
> and new trial ordered.

APPEAL by the plaintiffs from a judgment in favor
of defendant entered upon an order setting aside the
verdict of a jury in the Municipal Court of the city

of New York, borough of Manhattan, sixth district, and dismissing the complaint.

O. H. Droege, for appellants.

Anthony La Gattuta (John Leary, of counsel), for respondent.

WHITAKER, J.   The action is based upon fraud. The plaintiffs allege that they purchased certain lots of defendant; that the defendant took plaintiffs to the lots Nos. 58 and 59 on Murdock avenue, which were 175 feet away from Edenwald avenue, and stated to the plaintiffs that those were the lots which the defendant owned and which defendant would sell to the plaintiffs; that there was gas and a sewer in the street. That plaintiffs relying upon those representations purchased the lots. The record shows that these representations were false. Plaintiffs, as they testify, with the knowledge and consent of the defendant began the erection of a building upon the lots, after the contract of purchase was signed, and spent several hundred dollars thereon. The defendant did not own these lots which were numbered 58 and 59, but procured by purchase lots Nos. 35 and 36, which were not located 175 feet from Edenwald avenue, and inserted those lots in the contract of sale. The plaintiffs being ignorant of the English language did not know that defendant was not describing in the contract of purchase the lots which were pointed out to them and which they supposed they were contracting for.

The record discloses a clear case of fraud practiced upon the plaintiffs, and the jury has so found. While there are errors in the charge to the jury to which plaintiffs duly excepted, it is unnecessary to consider them in view of the grounds stated by the learned

Appellate Term, First Department, May, 1921. [Vol. 115.

justice upon which he set the verdict aside, which were as follows:

"The plaintiffs negotiated with the defendant for the purchase of two certain lots and thereafter executed a contract agreeing to purchase lots Nos. 35 and 36 as designated on 'Edenwald Map.' Subsequently plaintiffs erected a building on two lots 175 feet from Edenwald Avenue, claiming they were the lots purchased. They seek damages in fraud on the ground that they purchased the lots on which they erected the building, also that defendant represented that sewer and gas mains were in Murdock Avenue; the contract was silent on sewers and gas.

"Lots 35 and 36 are situated on the same avenue and block as the lots on which the plaintiffs erected the building.

"It was the duty of plaintiffs to examine their contract and the map therein referred to before erecting the building. The defendant is not liable for the plaintiff's omissions or mistakes. Motion made at close of defendant's case to dismiss complaint is granted."

The learned court we think erred in assuming that the false representation that there was a sewer and gas in the street was waived by the plaintiffs because it was not mentioned in the contract of sale. So we think also that the court erred in holding that the plaintiffs were required to examine their contract and the map therein referred to before erecting a building. The plaintiffs had a right to rely upon the positive statements of the defendant, and to assume that when the defendant itself drew the contract of sale, it would incorporate therein the actual agreement of the parties. Especially is this so when, as the record discloses, the plaintiffs by reason of their ignorance of the language in which the contract was drawn, relied

upon the defendant's honesty in drawing the contract in accordance with the terms verbally agreed upon.

The grounds upon which the learned justice set aside the verdict are not those which the law will recognize and approve. As was said by the Court of Appeals in *Wilcox* v. *A. T. & T. Co.*, 176 N. Y. 115, and which doctrine the courts have continued to approve: " It is certainly not just that one who has perpetrated a fraud should be permitted to say to the party defrauded when he demands relief that he ought not to have believed or trusted him."

Even assuming that the plaintiffs were careless or negligent in not reading the contract and having the property surveyed or located before attempting to build thereon, which failure seems to impress the court and also one of the jurors judging from the question asked by one of them, this would not protect the defendant from their wilful fraudulent acts. Contributory negligence is not a defense to an action of fraud. *Hudson Iron Co.* v. *Mershon*, 149 App. Div. 556.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide event.